ANDREW J. PERKINS *vs.* WILLIAM F. PARKER & another.

If the demandant in a real action has failed, and judgment has been rendered against him, for the sole reason that his grantor was disseised at the time of delivering the deed to him, and he has subsequently fortified his title in this respect, he may, in a new action against the same party to recover the same premises, prove by parol evidence that the former judgment was rendered solely upon that ground, although there was another ground of defence, concerning which evidence was offered on both sides.

WRIT OF ENTRY to recover a piece of land in Andover. The tenants pleaded *nul disseisin,* and specified in defence a former judgment in their favor in a writ of entry brought against them by the demandant, to recover the same premises.

At the trial in the superior court, before *Lord,* J., the demandant put in evidence, as a part of his chain of title, a deed of Caleb Saunders to Alfred D. Holt, dated February 1st 1859 and recorded July 24th 1863, and a deed from Holt to himself, dated July 21st 1863, and also another deed from Holt to himself, dated May 23d 1864, which last deed was delivered upon the premises. The tenants then put in evidence a deed of Caleb

Saunders to themselves, dated September 16th 1862, and recorded on the same day; and also the record of the former judgment, set forth in the specification, by which it appeared that the cause was tried by the court, without a jury, and judgment rendered for the tenants at June term 1864. The demandant thereupon offered to show that the tenants, when they took the deed from Saunders, had notice of the prior unrecorded deed to Holt, and also offered parol testimony that, at the hearing of the former suit, the presiding judge found this fact of notice in favor of the demandant, and based his finding for the tenants upon the ground that Holt was disseised at the time of his deed to the demandant. This evidence was objected to, and thereupon the tenants were allowed, under objection, to show that at the former trial evidence was offered by both parties upon the question of notice of the unrecorded deed. This fact being shown, the judge rejected the evidence offered by the demandant, and directed a verdict for the tenants, which was accordingly rendered. The demandant alleged exceptions.

*N. W. Harmon,* for the demandant, cited *Sawyer* v. *Woodbury,* 7 Gray, 499, and cases cited; *Merriam* v. *Whittemore,* 5 Gray, 317, and cases cited; *Burke* v. *Miller,* 4 Gray, 114; *Sargent* v. *Fitzpatrick,* Ib. 511, and cases cited; *McDowell* v. *Langdon,* 3 Gray, 513; *Harding* v. *Hale,* 2 Gray, 399; *Dutton* v. *Woodman,* 9 Cush. 255; *Gilbert* v. *Thompson,* Ib. 348; *Kent* v. *Gerrish,* 18 Pick. 564, and cases cited.

*S. B. Ives, Jr.,* for the tenants. If any question of fact is involved in the issue presented by the pleadings in a former suit between the same parties, and such fact appears to have been actually litigated, a verdict is conclusive evidence, and the party against whom such fact is apparently found is estopped to plead or offer evidence against such finding. *Smith* v. *Whiting,* 11 Mass. 445. *Sawyer* v. *Woodbury,* 7 Gray, 499. The last case is directly in point. The deed to the demandant of May 1864 is not a subsequently acquired title, within the legal meaning of those words, as applied to the subject matter.

DEWEY, J. In answer to the defence that the title to th demanded premises has been settled by a judgment in a former

suit between these parties, it was competent, upon this record
of the proceedings in the former suit, for the demandant to in-
troduce parol evidence to satisfy the jury that there were two
distinct grounds of defence relied upon, one of which involved
only the question whether his grantor was seised, at the time
of the making and delivery of the deed to him, and that this
ground of defence was established by the proof, and that for
this cause solely the judgment was rendered in favor of the
tenants, and not by reason of any defect in the title of his
grantor.

These facts being shown, the further fact that another distinct
ground of defence was also taken, involving the question of
notice of an unrecorded prior deed from Caleb Saunders to
A. D. Holt, and in reference to which evidence was offered, does
not make such former judgment a bar to the present action, if
it shall appear that the question of notice was not passed upon,
or that, if passed upon, it was found that such notice was given,
and that the judgment for the tenants was rendered solely upon
the ground that the grantor of the demandant was disseised
when he executed the deed.   In such case, the present demand-
ant may introduce evidence of a newly acquired title by deed
duly delivered since the commencement of the former suit, and
then proceed to establish title in his grantor.

The effect to be given to a former judgment rendered in a
case where there were two independent grounds of defence, and
either of them, if established, would be fatal to the plaintiff, was
considered, and the rule that we have applied to this case recog-
nized, in *McDowell* v. *Langdon,* 3 Gray, 513.

We cannot suppose that any different rule was intended to be
sanctioned by the case of *Woodbury* v. *Sawyer,* 7 Gray, 499.
There is nothing contradictory to it in the opinion in that case,
upon the exceptions taken at the first trial.   The final disposi-
tion of it, briefly stated, must be assumed to have been intended
to be in harmony with the opinion which had been previously
announced, and which had recognized the cases of *Dutton* v
*Woodman,* 9 Cush. 255, and *McDowell* v. *Langdon, supra,* as
authorities.                              *Exceptions sustained.*