CHIEF JUSTICE PETERS
delivered the opinion oe the court:
In 1850 an action of ejectment was brought in the Hardin circuit court by the plaintiff therein on the demise of Thomas Hopewell, and the heirs of Leonard *483 Troutman, for the recovery of four hundred acres of land situate in said county of Hardin, against one Lin-ville, the tenant in possession; and, subsequently, Richard Vernon, his landlord, was admitted to defend with him. That action was pending until December, 1854; when, upon a full investigation of the case, a verdict and judgment were rendered in favor of the defendants; and, upon an appeal to this court, after a motion for a new trial had been overruled, that judgment was affirmed in February, 1856.
In 1855, before an opinion had been delivered by this court in the appeal just referred to, this action in equity was brought by the heirs of Leonard Troutman, who were a part of the lessors of the plaintiff in said action of ejectment, in the Hardin circuit court, for the same land sought to be recovered in said action of ejectment against Linville and Vernon, defendants therein, with many others, made defendants in this aetion; and judgment having been rendered against the plaintiffs, they now seek a reversal of that judgment.
The appellees rely upon the statute of limitations, the lapse of time, and upon the judgment in favor of Vernon and Linville in the action of ejectment, as a bar to this action. But appellants insist that one judgment in ejectment forms no bar to another action for the same thing, even between the same parties; and, consequently, the judgment relied upon is not conclusive upon them in this action.
It becomes important to ascertain the effect of that judgment, as preliminary to the investigation of other questions involved in this controversy.
It is obvious from the pleadings, that, although the plaintiffs and defendants are very numerous, the action is prosecuted for the benefit alone of the heirs of Leon *484 ard Troutman, and the relief sought is the recovery of the land in possession of Vernon and his tenant Linville, precisely the same that was sought in the action of ejectment, and the evidence introduced in both actions is substantially the same.
It is undoubtedly true, as a common law principle, that one judgment in an action of ejectment formed no bar to an action of the same sort for the same land, on the demise of the same lessors, against the same tenants; nor did such judgments in general conclude the parties as to any matters that may have been tried in such actions, so as to prevent an investigation of the same matters in equity. This principle of the common law was modified and changed by an act of the Legislature, as early as 1825, making judgments in actions of ejectment, when the facts enumerated in the act exist, a bar to a recovery in a subsequent action. But prior to, and independent of, this legislative enactment, we apprehend the record of the action of ejectment would have been competent evidence to aid in ascertaining the true state of facts, although not conclusive evidence of the fact decided.
In Speed, &c., vs. Braxdell, 7 Mon., 568, Braxdell brought an action of ejectment against Speed, &c., for a tract of land; Speed and his tenant caused themselves to be made defendants, pleaded the general issue, and also two special pleas. The object of the first was to rely upon a judgment recovered by Speed in an ejectment brought by him against Braxdell for the same land in bar of the action; and that of the other was to set up a decree pronounced by the court of original jurisdiction, and after-wards affirmed by this court, in a suit in chancery brought by Braxdell against Speed to obtain a conveyance of his title in bar of the action; and, after stating the history of the pleading as herein given, the conclusion of the *485 court was, “ that the matter intended to be relied on is not in either pleadable in bar of the action.” The first was decided to be insufficient as a plea in bar, upon the common law principle heretofore stated — that a judgment in one action of ejectment forms no bar to another action of the same sort, between the same parties, for the same thing. And in reference to the other, the court said, that “ the decree to which that plea refers, and on which it was the object of Speed, &c., to rely in bar of the present action, is, no doubt, conclusive between the parties on the same subject-matter, and might be pleaded in bar to a suit of the same sort as that in which it was pronounced, or any other of the like nature for the same thing between the same parties; but the present action is not of the like nature, nor is the question of right involved in each the same — the one being a suit in chancery, in which nothing but the equitable right set up and claimed by Braxdell was involved, and the other being an action at law, in which the legal title only is drawn in question. The object of the former suit was to obtain from Speed the conveyance of the legal title, with which he was then supposed to be invested; and the object of the latter is to recover the possession of the land, under the legal title which Speed was then supposed to have, but is now claimed by Braxdell to be in him.”
“Suits having such dissimilar objects, and involving questions of rights so essentially different, cannot be denominated suits of like nature.” “Nor can the decree, which was pronounced in the former against Braxdell, constitute a lar to the latter action which has been brought by him.”
Having thus adjudged, that neither of said pleas was available as a conclusive bar to the action, the question was then presented, whether or not the record of the *486 chancery suit of Braxdell against Speed was competent evidence on the trial of the general issue in the action of ejectment of Braxdell against Speed, &c., when offered by the defendants in that action. On that question the court said: “ By the opinion of this court, which is contained in that record, the fact is assumed to have been established, by the proof in the chancery suit, that Speed, and those under whom he claimed the land, had been in the continued possession thereof for upwards of twenty years before the commencement of that suit; and it appears to have been by the force of that continued possession that the decree of the court of original jurisdiction was sustained and affirmed by this court; so that, notwithstanding the chancery suit and the present action are not of the like nature, and though the questions of right involved in each are not the same, the suit in chancery was in truth decided, and the decree pronounced against Braxdell, upon the ground that the fact upon which Braxdell, now relies to establish the legal title in him was disproved in that suit, it being not under any prior grant from the Commonwealth that Braxdell claims the legal title, but under a continued possession of the land by him for upwards of twenty years, during part or the whole of which time the possession was adjudged to be in Speed, or those under whom he claims, by the opinion of this court in the chancery suit.
“ The fact upon which Braxdell relies to prove his legal title having been, therefore, decided against him in the chancery suit, it is contended on the part of Speed and Ripperden that the decree on that fact is evidence between the parties in this case ; and as such, it is insisted the court erred in rejecting the record of the chancery suit from being used in evidence.”
*487 “ If the record be evidence, it unquestionably cannot be conclusive for the purpose it was offered. The fact of continued possession was, no doubt, one which, from the pleadings in the chancery suit, it became necessary and proper to decide, and the decision on that fact is doubtless conclusive between the same parties in any other suit of the same sort for the same subject-matter.
“ But, in remarking on the pleas, we have already seen that the subject-matter of the present action is not the same as that of the chancery suit; nor can the decision of the fact in that suit be conclusive between the parties in this action.” “ And finally, after quoting from Starkie, it is said: ‘ But it is perfectly clear, that when offered for a different purpose in a suit involving different rights, the adjudication is not conclusive; though if the question of fact be the same, we apprehend it is evidence to be left to the jury.’ And the conclusion of the court is, that the record of the chancery suit should have been admitted as evidence on the trial of the general issue in the action of ejectment — notas conclusive evidence of the fact decided, but as pertinent evidence upon which, in connection with other evidence, the jury should ascertain and find the truth of the fact.”
Having failed to show a regular paper title in themselves derived from the Commonwealth on the trial of the action of ejectment, appellants attempted to recover on an alleged continuous adverse possession for more than twenty years. That issue was found against them by the jury. The record of that action, according to the doctrine settled in the case supra, was competent evidence to show the issues involved and tried in that action, and would aid the court in arriving at a correct conclusion whether or not appellants had been in possession of the land under Barnett’s patent for twenty years continuously, *488 prior to the entry of appellees, a fact in issue in this suit, and which was decided against them in the action of ejectment.
But it is insisted that the allegations of the answer are not sufficient to make the record of the proceedings of the action of ejectment a part of this case. The averments of the answer are not as direct and specific on that point as perhaps good pleading would require; still, however, we think they are sufficient for all practical purposes. That record is referred to in such terms as would apprise the adverse party of the particular action, the record of which was relied upon, and the court below properly permitted it to be read.
Appellees claim under and have connected themselves with the patent of King, which is elder in date than Barnett’s, under which appellants claim they are in possession. They have a verdict and judgment in favor of them, and we do not think appellant’s have shown any title, either equitable or legal, that can prevail over the right of appellees thus fortified.
Wherefore, the judgment is affirmed.