PAUL G. HAWLEY

*v.*

JOHN R. SIMONS *et al.*

*Filed at Ottawa November 10, 1881—Rehearing denied March Term, 1882.*

1. FORMER ADJUDICATION—*how far conclusive, generally.* A judgment at law, in any form of action, is conclusive upon the parties upon all questions, titles and rights involved in the litigation and passed upon by the court, which the court had power and jurisdiction to hear and determine, and nothing more; and when the same questions or the same rights or titles are again drawn in issue, whether in a court of law or equity, between the same parties or their privies, the previous adjudication will be regarded as conclusive upon them.

2. SAME—*in ejectment.* A judgment at law, in an action of ejectment, against the plaintiff, for the reason that a sheriff's deed to him under a purchase of the land on a sale under execution was not sufficient to pass the title of the defendant in execution, owing to mistakes and imperfections in the deed, is no bar to a suit in equity to have the plaintiff's equitable title

to the land converted into a legal title, and the sheriff's deed corrected so as to pass the legal title.

3. A judgment in ejectment in bar of the plaintiff's action, from a want of his having the legal title to the premises, is no bar to a second suit in ejectment by him upon an after acquired legal title, the titles in the two suits not being the same.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. CLARK W. UPTON, Judge, presiding.

Mr. B. F. PARKS, for the plaintiff in error:

1. The judgment in the ejectment suit is no bar to equitable relief. The plaintiff was cast in that action because the sheriff's deed failed to describe the judgment and execution under which the sale was made, and hence passed no title. That a court of equity has jurisdiction to correct mistakes, is no longer an open question. *Bohanan* v. *Bohanan,* 3 Bradw. 502; *Edwards* v. *Sams et al.* 3 id. 168; *Foster* v. *Clark,* 79 Ill. 225.

2. A court of law can only bar legal rights by an adjudication thereon,—not equitable rights not cognizable by it. A judgment in ejectment is a recovery of possession without prejudice to the rights that existed between the parties. *Coleman* v. *Henderson,* 2 Scam. 251.

3. An equitable title affords no ground of recovery at law, and is no bar to such a recovery. *Fisher* v. *Estleman,* 68 Ill. 78; *Wales* v. *Boyne,* 31 id. 468; *Fleming* v. *Carter,* 70 id. 286.

Mr. BENJ. F. HERRINGTON, for the defendants in error:

The judgment in the ejectment against the plaintiff's claim to the land is a bar to any relief in equity for the title. *Œtgen* v. *Ross et al.* 54 Ill. 79; *Barger* v. *Hobbs,* 67 id. 592.

If a new trial is not had at common law or under the statute, the judgment is conclusive on the parties and privies. *Gibson* v. *Manly,* 15 Ill. 140; *Miles* v. *Caldwell,* 2 Wall. 35; *Sturdy* v. *Jackaway,* 4 id. 174; *Blanchard* v. *Brown,* 3 id. 235.

A judgment is conclusive as against parties and privies, and can not be attacked collaterally. *Lane* v. *Bommelmann*, 17 Ill. 95; *Horton* v. *Critchfield*, 18 id. 133; *Fahs et al.* v. *Darling*, 82 id. 142.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Plaintiff in error, Paul G. Hawley, on the 1st of April, 1859, recovered a judgment in the Kendall county circuit court against Edward Simons, for $580. On the 6th day of the same month Jonathan Reed recovered a judgment in the same court against the said Edward Simons and Theodore Watkins, for $165.15. Executions were issued on these judgments within the year, and returned *nulla bona.* In June, 1865, *alias* executions were issued, and levied on certain lands belonging to the said Edward Simons, which were subsequently, and within the life of the executions, sold by the sheriff at public sale to plaintiff in error for $1067.77, who at the time received the usual certificate of purchase in due form. The land not having been redeemed within fifteen months, the sheriff, on the 16th day of November, 1866, executed and delivered to plaintiff in error what was understood and intended to be a deed for the premises, but owing to a misdescription of the land and other imperfections, it was inoperative, and insufficient to pass the title. Subsequent to the execution of this defective sheriff's deed, John R. Simons being in possession of the premises, and claiming to have some interest therein, and plaintiff in error not being aware of the defective character of his deed, commenced an action of ejectment against him for their recovery, but owing to the imperfections of his deed he was defeated in the action, and a judgment was rendered in favor of the defendant John R. Simons, which is still in full force. Plaintiff in error thereupon filed in the Kendall county circuit court the present bill, for the purpose of having his deed from the sheriff corrected and made to conform to the intentions of the parties,

making the sheriff, John R. Simons, Edward Simons, and John W. Edwards, who also claims to have some interest in the premises, parties.

An answer was filed denying the allegations of the bill, and also setting up as an independent defence the judgment against plaintiff in error in favor of John R. Simons in the ejectment suit. There was a hearing in the circuit court upon the merits, resulting in a decree dismissing the bill, and plaintiff in error brings the case here for review.

The facts as above recited are not at all controverted, and the only reason urged by counsel for defendants in error in support of the decree is, that the judgment in the ejectment suit is a complete bar to the relief sought by the bill in this case. In support of this position a number of cases decided by this court, and others of the highest respectability, are cited, which hold that a judgment in an action of ejectment, until reversed or otherwise set aside, is just as conclusive on the parties to it as a judgment in any other form of action. The doctrine of these cases we do not at all controvert, but concede to the fullest extent, yet we are unable to concur in the application which is sought to be made of it to the case in hand.

A judgment at law, whether in an ejectment suit or in some other form of action, is conclusive on the parties upon all questions, titles and rights involved in the litigation and passed upon by the court, which the court had power and jurisdiction to hear and determine, and nothing more; and whenever the same questions or the same rights or titles are again drawn in issue, whether in a court of equity or court of law, between the same parties or their privies, the previous adjudication must be regarded as conclusive upon them, and they will not be permitted to open up the controversy again. The rule, as thus stated, goes to the very utmost extent of the doctrine of *res judicata.*.

Plaintiff in error, supposing he had a title at law to the land in question, went into a court of law for the purpose of

enforcing it, but upon the trial he discovered he had no such title, and the court so decided, and the decision upon that question is final and conclusive on him, and all persons claiming under him. Plaintiff in error is not endeavoring, in the present suit, to enforce the title which was defeated at law. On the contrary, he admits that at that time he had no title which could be enforced in a court of law, and he is perfectly content with the decision in that case, and does not at all seek to question its conclusiveness in this case. He now says that he has an equitable title to the land, which he desires to make available by clothing himself with the legal title which in equity should be conferred upon him, and he is told by counsel learned in the law that this equitable title is barred by the adjudication in the legal forum. How was it barred? It was not even before that court for its consideration, and that court, even if it had been, had no power or jurisdiction to pass upon it. That court, as we have already seen, simply determined that plaintiff in error did not have the legal title which he was attempting to enforce. The trial at law did not affect the defendant's title, or even determine he had any title at all,—it simply determined the plaintiff had none, and the plaintiff is now trying to obtain one, which he insists in equity and good conscience he should have. He does not seek it from the defendant in the ejectment suit, but from the defendant in the executions, where the title still rests, by having a mistake corrected, which the court at law had no power to do.

Should plaintiff in error be successful in his present suit, he will then be in a position to go into a court of law, if he shall be so advised. He may again bring his ejectment against Simons, or whoever happens to be in possession of the premises, and the former adjudication will be no impediment to a recovery, for the title which he will then put in issue will be a new or subsequently acquired title, which was not at all involved or passed upon in the former trial, and

hence can not be affected by that adjudication. In principle he will be precisely in the same position of one who, having a mere contract or bond for a deed to a piece of land, should commence an action of ejectment against a wrongful intruder to recover it, and should be defeated on the trial, as he certainly would be, and, after discovering his mistake, should procure the requisite deed from his vendor, and then bring his ejectment again. Would any one seriously contend for a moment that the judgment in the first suit, in the case supposed, would be a bar to the second? Surely not. Why? Simply because the title relied on in the second suit is a subsequently acquired title, and of necessity could not have been involved in the first suit. *Smith* v. *Sheldon,* 65 Ill. 219; Abbott's Trial Ev. 834; *Barrows* v. *Kindred,* 4 Wall. 402; *Noonan* v. *Bradley,* 9 id. 394.

Nothing is better settled than that courts of equity often interpose to restrain judgments at law, on the ground some of the questions involved in the dispute, being of an equitable character, were not, and could not, be passed upon in the legal forum. Bispham's Equity, sec. 407, (2d ed.)

The general views here expressed are clearly adducible from the following authorities: *De Revier* v. *Carstillon,* 4 Johns. Ch. 85; *Bartlett* v. *Judd,* 23 Barb. 262; *Foster et al.* v. *Clark,* 79 Ill. 225; *Hammond's Lessee* v. *Inloes,* 4 Md. 138; *Smith* v. *Sherwood,* 4 Conn. 276; *Bradford* v. *Bradford,* 5 id. 127; *Troutman* v. *Vernon,* 1 Bush, 482; *Marshall* v. *Shafter,* 32 Cal. 176; *State Bank* v. *Bridges,* 11 Rich. 87; *Mann* v. *Rogers,* 35 Cal. 316; *Foster* v. *Evans,* 51 Mo. 39; *Briggs* v. *Wells,* 12 Barb. 567.

It follows, from what we have said, the circuit court erred in dismissing complainant's bill. The decree of the circuit court will therefore be reversed, and the cause remanded for further proceedings in conformity with the views here expressed.

*Decree reversed.*