GORE *v.* GORE.

(*Nashville.* January 11, 1899.)

RES ADJUDICATA. *Does not exist, when.*

A judgment, adverse to complainant, in one action to recover land is not *res adjudicata* that precludes another action for the same land against the same parties based upon another title, subsequently acquired and not involved in the first suit.

Cases cited: McKissick *v.* McKissick, 6 Hum., 75; 24 N. H., 131; 36 Cal., 230; 102 Ill., 115.

FROM JACKSON.

Appeal from Chancery Court of Jackson County. T. J. FISHER, Ch.

HAILE & JOHNSON for Mary C. Gore.

J. M. MORGAN, M. G. BUTLER, G. H. MORGAN, and G. B. MURRAY for M. L. Gore.

BEARD, J. The bill in this cause, involving a controversy as to the title of a tract of land in Overton County, was dismissed on the ground of *res judicata*, raised by demurrer. The averments of the bill, so far as they affect this defense, are that the complainant, Mary C. Gore, then Mary C. Max-

well, filed her bill in the Chancery Court of that county against the defendants, in which she claimed to be the owner in fee of this land, as purchaser at a sale made under a decree entered by that Court in the case to which the widow and heirs and devisees of one Henry C. Maxwell, deceased, who was alleged to be its owner at the time of his death, were all parties, and that this purchase was confirmed to her by the Court, and all the title of the heirs and devisees of said decedent were divested out of them and invested in her; that, notwithstanding she was thus the owner of this property, yet the defendants had entered upon it, claiming title as heirs of the deceased vendor of Henry C. Maxwell; and that the Chancery Court was asked in that bill to establish and protect the title so acquired by her, for an injunction to stay waste, and for a personal decree for the value of the timber that the defendants had taken or caused to be taken from the land.

The bill further avers that, after answer was filed in that cause, proof was taken and the case was tried, when a decree was entered by the Chancellor, in which it was adjudged that complainant, Mary C. Gore, acquired no title to this land by virtue of the decree for sale and purchase thereunder, heretofore referred to; that the proceedings in that cause were so imperfect "that they failed to divest the title out of the heirs of said Maxwell and to vest it in" the purchaser; and that, upon

appeal to this Court, this decree was affirmed, and the cause was remanded for an account and to ascertain damages.

The bill avers that, since this decree of affirmance, and while that case was pending in the Court below, on procedendo from this Court, complainant, Mary C. Gore, has obtained deed from all the heirs of J. S. Maxwell, deceased, and that, by virtue of these deeds, she is now the owner in fee of the land in question, and the present bill is filed to have established this title. The question then presented is, is she precluded from setting up this after-acquired title by the result of the former litigation? If so, then we will have this anomalous condition: that complainant was defeated in the former suit because she had no title, and is to be defeated now, by reason of the decree in that cause, when she presents, upon the averments of her bill, admitted to be true by demurrer, a paramount legal title, acquired by her since the termination of that cause.

We are aware of no case that would stand as authority for such a result. On the contrary, the rule is that a party will not be prejudiced by a judgment as to rights not then accrued. In the language of Mr. Freeman, in Vol. 1, Sec. 329, of his work on Judgments, "Under no circumstances will a judgment or decree take effect upon rights not then existing. If an action is brought to recover possession of real or personal property, the judgment

therein cannot estop either of the parties from asserting title subsequently acquired.'' So, if ''a decree be entered quieting title and enjoining the defendant from making any further contest against the plaintiff's title, this general language will be confined to rights in issue, and will not prevent the defendant from asserting a subsequently acquired title.'' *Jones* v. *Pitaluma*, 36 Cal., 230.

In *Woodbridge* v. *Bamming*, 14 Ohio St., 328, it was held that a devisee was not estopped by a former decree in a partition proceeding to which he was a party defendant, as heir, from setting up title as devisee under a will of the testator, which was revoked, but was afterward restored and admitted to probate, while in *Hanley* v. *Simmons*, 102 Ill., 115, it was ruled that a party who fails in an action of ejectment because he has only an equitable title, will not be precluded from a recovery when, having subsequently acquired the legal title to the property, he brings an action of ejectment against the same party for it.

In *Barrows* v. *Kindred*, 4 Wall., 399, ejectment was brought to recover land, the title to which was clearly deraigned by the plaintiff from a grant to a remote owner down to a deed to himself from the executor of the immediately preceding owner. This title was confessedly perfect, but the defendant resisted recovery by introducing a former record of an ejectment suit instituted by the same plaintiff against the privy in estate of the defendant, in

which plaintiff was defeated. This record disclosed, however, that plaintiff in the former suit rested on a deed executed by an attorney in fact acting under a power which the executor undertook to execute for that purpose, and the plaintiff was defeated because this power and the deed under it were void. Subsequently he obtained a deed direct from the executor, and upon it instituted the last suit. On this state of facts the Court said: "Barrows had no title to the premises in controversy, and judgment was given against him . . . But this did not deprive Barrows of the right to acquire a new and distinct title, and, having done so, he had the same right to assert it, without prejudice from the former suit, which would have accompanied the title into the hands of a stranger. At the termination of that suit the executors had not passed the title to any one. They did not transfer it for more than a year afterwards." And it is immaterial that the two suits are between the same parties and for the same property if the title set up in the last suit did not exist in the plaintiff at the time of the former litigation, and was not, therefore, adjudicated in it, but was acquired by him subsequently thereto. *McKissick* v. *McKissick*, 6 Hum., 75; *Brown* v. *Roberts*, 24 N. H., 131.

It follows that the decree of the Court of Chancery Appeals must be reversed and the case will be remanded for an answer.