## RICHEY v. BUES.

No. 1698. Decided November 10, 1906 (87 Pac. 903).

1. JUDGMENT — RES JUDICATA — SUBSEQUENTLY-ACQUIRED TITLE.— A decree enjoining plaintiff from entering on defendant's land will not prevent plaintiff from bringing suit to quiet his title to a subsequently-acquired right of way to enter on defendant's land to repair a water pipe located thereon, such decree only determining the right of the parties up to the time it was rendered.

2. JUDGMENT—EQUITABLE RELIEF.—In a suit by defendant to restrain plaintiff from entering on her land, plaintiff relied on a right of way across defendant's land for a water pipe, and the right to enter thereon to repair the same, but failing to prove such title was enjoined from entering such lands. After rendition of the decree plaintiff obtained the title to the easement which he relied

on at the trial and filed a complaint praying to have the decree modified so as to allow him to enter on the land, and that his title to the easement· be quieted, and for general relief; *held*, that while the facts alleged in the complaint were not sufficient to support a decree modifying the former judgment, yet they were sufficient to support a decree quieting title to an easement across defendant's land.

3. QUIETING· TITLE—GENERAL PRAYER FOR RELIEF—RSTRAINING ACTS OF DEFENDANT.—A court of equity in a suit to quiet title, under a general prayer for relief, where the facts warrant it, in addition' to quieting the title may restrain defendant from asserting any claim adverse to plaintiff's right and prohibit him from doing any act that would tend to impair that right.

APPEAL from District Court, Weber County; J. A. Howell, Judge.

Suit by Lee Richey against Marion Beus. From a decree for plaintiff, defendant appeals.

AFFIRMED.

*J. N. Kimbal* and *Thomas Maloney* for appellant.

*W. L. Maginnis* for respondent.

APPELLANT'S POINTS.

"A judgment in a former action is well pleaded as a bar in a second action, provided the cause of action is the same though the form of action has been changed. A cause of action is said to be the same as that in a former suit where the same evidence will support both actions; and a judgment in such former action will be a bar, provided the evidence necessary to sustain a judgment for plaintiff in the second would have authorized a judgment for plaintiff in such former one." (*Taylor v. Castle*, 42 Cal. 372; *Hosmer v. Wallace*, 51 Cal. 368; *Los Angeles v. Mellus*, 58 Cal. 19.)

"Failure to recover any part of the relief prayed for is conclusive against a subsequent claim for such relief." (*Cunningham v. Harris*, 5 Cal. 81.)

"The former judgment of a court having jurisdiction over
the subject matter and the parties, is a bar to a second suit
upon the same cause of action or their privies, and is conclu-
sive not only upon every question involved therein and there-
by determined but also as to every other matter which the par-
ties might have litigated in the cause and which they might
have decided." (*Thompson v. McKay,* 41 Cal. 221; *Wet-
more v. San Francisco,* 44 Cal. 303; *Belcher Con. G. M. Co.
v. Deferrari,* 62 Cal. 160; *Gray v. Daugherty,* 25 Cal. 266.)

A decree in equity is equally as conclusive as a judgment
at law. (*Fulton v. Hanlow,* 20 Cal. 450.)

### RESPONDENT'S POINTS.

"On the final hearing the court may decree a perpetual in-
junction if it is necessary for the purpose of complete justice,
although not prayed for in the bill." (10 Enc. Pl. and Pr.,
962, and cases cited; *Webster v. Harris,* 16 Ohio 503; *Power
v. Athens,* 99 N. Y. 592; 2 High on Injunctions, p. 1573.)

### STATEMENT OF FACTS.

This is an action to quiet title to a right of way. Plaintiff
alleges in his complaint: (1) That he is the owner and en-
titled to the possession and use of sufficient water from cer-
tain springs which are situated northeast from defendant's
residence in Weber county, Utah, to fill a one-inch pipe; that
he is the owner of a pipe line extending from said springs
through and across defendant's land (describing it) to plain-
tiff's residence, and that he has a right or easement to enter
upon the said land and along the line of the aforesaid iron
pipe for the purpose of keeping same in repair and full of
water. (2) That on August 5, 1903, the defendant brought
an action in this court (the district court of Weber county)
against the plaintiff herein asking that plaintiff be perpet-
ually enjoined from entering in and upon the real estate de-
scribed, and for other relief. (3) That at the time and dur-
ing the pendency of said action plaintiff was informed and
believed that the water right, right of way, and appurtenances

described had been conveyed to him by a good and sufficient deed from one J. J. Cortez, who at that time was the owner thereof, and that, relying upon said information and belief, said action was brought to trial and heard on October 13, 1903, and a decree rendered perpetually enjoining said plaintiff from entering upon said lands. (4) That at said trial it was discovered that the right of way to enter upon said land and repair said pipe, together with the appurtenant right to obtain sufficient water from said springs to fill said pipe had not been conveyed by the deed theretofore executed by said J. J. Cortez to plaintiff. (5) That immediately after the rendition of said decree the said J. J. Cortez, by his deed dated October 12, 1903, conveyed to the plaintiff herein the right to enter upon the said land to maintain and repair the said pipe, which he duly recorded in the recorder's office in Weber county, Utah. (6) That defendant is claiming that said decree forecloses plaintiff from exercising his rights under said deed, and that by reason thereof the said decree acts as a cloud upon his title. The complaint concludes with a prayer that said decree be modified so as to permit plaintiff to enter at all reasonable times upon said land to repair said iron pipe and to protect and control sufficient water from said springs, and that his title to said rights may be quieted as against the defendant, and for general relief. Defendant demurred to the complaint on the ground that it does not state a cause of action. The demurrer was overruled, and defendant in his answer pleaded the judgment in the former suit as a bar to this action.

The findings of the court, so far as material here, are as follows: "That the said Lee Richey, at the time of the rendering of the decree in the first above-entitled action, predicated his title thereto on a certain deed and contract from one John J. Cortez to him, whereby there was conveyed to the said Lee Richey the aforesaid pipe line and water right, but failed to convey to the said Lee Richey the right to enter for the purpose of repairing the said pipe line. That subsequent to the rendering of the decree above mentioned, on or about the 12th day of October, 1903, the said J. J. Cortez did by

deed convey to the said plaintiff the right to enter upon the said land, along the line of said pipe, and repair the said pipe and to keep the said pipe full of water, which said deed was duly recorded in the recorder's office of Weber county, Utah. That said J. J. Cortez was the owner prior to the said two deeds and conveyances last above mentioned of the said water right, pipe line and right to enter on said land along the line of said pipe, and repair the said pipe line and to keep the said pipe full of water, and that the said J. J. Cortez, by the two deeds, conveyed all his right, title, and interest in the said property to the said plaintiff here, Lee Richey, who is now the owner and entitled to the possession thereof, but shall not change the location of said pipe line on defendant's land. That the said pipe line and water right has been in continuous use since its said construction by the said plaintiff, Lee Richey, and his predecessors in·interest."

As conclusions of law the court found: (1) That plaintiff is entitled to a decree modifying the judgment entered in the former suit hereinbefore mentioned by eliminating therefrom the injunctive provisions whereby plaintiff is restrained from entering upon defendant's premises along the pipe line in question. (2) That the cloud caused by said judgment now existing upon plaintiff's title to said pipe line and right of way be removed. (3) "That the said Marion Bues be and she is perpetually enjoined from digging any ditches upon her said land which will have the effect of interfering with or obstructing the flow of water of said springs so as to prevent said one-inch pipe being kept full of water at all times, or in any manner to do anything upon the said land which will have that effect." A decree was entered in accordance with the foregoing conclusions of law. To reverse this decree defendant has appealed to this court on the judgment roll.

Appellant alleges that the court erred in the following particulars: (1) In overruling defendant's demurrer to the complaint, because said complaint shows on its face that the matters therein set up had already been adjudicated. (2) In the conclusion of law wherein it is held that defendant should

be perpetually enjoined from digging any ditches upon her lands which will have the effect of interfering with or obstructing the flow of water from the springs on said land so as to prevent plaintiff's one-inch pipe being kept full of water at all times. (3) In rendering judgment in accordance with the foregoing conclusions of law.

McCARTY, C. J., after making the foregoing statement of the case, delivered the opinion of the court.

The complaint shows on its face that plaintiff acquired the title upon which he bases his right for recovery since the rendition of the judgment in the former suit, and which, defendant claims, is *res adjudicata.* According to the rule as laid down by the great weight of authority, the judgment in the former suit only determined the rights of the parties up to the time it was rendered, and cannot prevent plaintiff from recovering on his subsequently acquired title. In Wells on Res Adjudicata and Stare Decisis, section 332, the author tersely and, as we think, correctly states the rule as follows:

"When one fails to establish and afterwards acquires a new, or partially new, title, the former action does not debar him from seeking to recover on the subsequent acquirement. The former judgment merely settled the fact of title at the time it was rendered; but the second suit relies on a different title and so is in reality not on the same issue."

The following authorities also declare the same doctrine: *Perkins v. Parker,* 10 Allen (Mass.) 22; *McKissick v. McKissick,* 6 Humph. (Tenn.) 75; *Taylor v. McCrackin,* 2 Blackf. (Ind.) 261; 24 A. & E. Ency. L. (2d Ed.), 777; 9 Ency. Pl. and Pr. 624. Applying the law of *res adjudicata* as announced by the foregoing authorities to the facts alleged in the complaint in this case, we are of the opinion, and so hold, that the demurrer is without merit and was properly overruled.

It seems that the trial court and the parties to the suit treated it as an action brought to modify a judgment, whereas it is essentially an original action to quiet title. We must look to the allegations of the complaint in determining the character of the action, and not to what attorneys may label

or call it. No facts are alleged showing fraud, mistake, surprise, accident, or anything else connected with the bringing of the former suit, or with the trial thereof upon which to base a decree modifying the judgment rendered in the former case. The facts alleged are sufficient, however, to support a decree quieting plaintiff's right and title to an easement in and across the premises mentioned for the purpose of enabling him to maintain and keep in repair his pipe line. A court of equity, in an action to quiet title, may, under a general prayer for relief, not only enter a judgment quieting plaintiff's title when the facts warrant it, but, in a case such as the one at bar, where the right to occupy and use lands for a specific purpose is in controversy, may include in the judgment a general order, restraining the defendant from asserting any claim adverse to and in derogation of plaintiff's right, and may also prohibit the defendant from doing any act that would tend to impair or destroy such right. It must be conceded that if the decree were modified, and the injunctive provisions eliminated therefrom, the defendant would be legally bound to respect plaintiff's rights as defined and fixed by the decree so modified, and that, for any invasion of such right by defendant to the injury of plaintiff, the latter would have a right of action, and under a proper proceeding, could obtain precisely the same relief as is given in this case. Therefore we do not think the court exceeded its power in granting injunctive relief, and thereby terminating the litigation. The general rule as declared by the more recent authorities is that

"On a final hearing the court may decree a perpetual injunction if it is necessary for the purpose of complete justice, although not prayed for in the bill." (10 Ency. Pl. & Pr. 962, and cases cited; 2 Spelling, Extra Relief, 998; 2 High on Injunctions, 1573; *Power v. Athens*, 99 N. Y. 592, 2 N. E. 609; *Webster v. Harris*, 16 Ohio 490.)

The judgment is affirmed with costs.

STRAUP and FRICK, JJ., concur.