L. BIRD *et al. v.* C. CROSS *et al.*

(*Knoxville.*   September Term, 1910.)

1. **DEEDS OF CONVEYANCE.** After acquired title to land passes
   to grantee under general warranty title.          •

A subsequently acquired title to land procured by the grantor
   passes to his grantee by operation of the covenant of general
   warranty of title contained in his previously executed deed.
   (*Post, p.* 422.)

Cases cited and approved: Robertson v. Gaines, 2 Humph., 383;
   Susong v. Williams, 1 Heisk., 630; Woods v. Bonner, 89 Tenn.,
   411.

2. **EJECTMENT.** Judgment was not conclusive on either party at
   common law.

At common law, a judgment in ejectment was not conclusive on
   either party. (*Post, p.* 422.)

Cases cited and approved: Russell v. Stinson, 3 Hay., 42; Blount
   v. Garen, 3 Hay., 88.

3. **SAME.** Same. Statute making judgments in ejectment conclu-
   sive against the party against whom recovered applies to judg-
   ments against defendants, and not to judgments against plain-
   tiffs, as to a subsequently acquired title.

The statute (Shannon's Code, sec. 5000), providing that any judg-
   ment in ejectment shall be conclusive upon the party against
   whom it is recovered, not under disability at the time of the re-
   covery, and all persons claiming under him by title accruing after
   the commencement of the action, modifies the common law rule
   that a judgment in ejectment was not conclusive on either party
   only as to judgments in ejectment recovered against a defendant,
   and does not apply to a subsequent suit brought by an unsuccess-
   ful plaintiff in ejectment upon a new title acquired after the com-
   mencement or termination of the former suit; for the title of
   plaintiff in ejectment is adjudged as of the date of the bringing
   of the suit. (*Post, p.* 423-426.)

Bird v. Cross.

Code cited and construed: Sec. 5000 (S.); sec. 3983 (M. & V.); sec. 3252 (T. & S. and 1858).

Acts cited and construed: Acts 1851-52, ch. 152.

Cases cited and approved: McKissick v. McKissick, 6 Humph., 75; Fowler v. Nixon, 7 Heisk., 720; Gore v. Gore, 101 Tenn., 620.

4. SAME. Judgment in ejectment against plaintiff adjudges that he had no title at the date of his suit, but does not adjudge that defendant has title.

A judgment against a plaintiff in ejectment dismissing his suit merely adjudges that at the date of the instituion of the suit he was not entitled to recover. It does not determine that the defendant has any title to the land. (*Post, p.* 423.)

Case cited and approved: Fowler v. Nixon, 7 Heisk., 720.

5. SAME. Judgment against plaintiff on the ground that his deed is void because his grantor had no title is no bar to a subsequent suit after his grantor acquires the title.

Where the deed to land in controversy in ejectment is held to be void, because the grantor had no title, and not because of some informality in its execution, a judgment against the complainant is no bar to a subsequent action based upon a new title obtained by the complainant's grantor, which passed to complainant as a subsequently acquired title by force of the covenants of title in complainant's deed. (*Post, p.* 426, 427.)

FROM SCOTT.

Appeal from the Chancery Couurt of Scott County. HUGH G. KYLE, Chancellor.

W. H. POTTER and LUCKY, FOWLER & ANDREWS, for complainants.

E. G. FOSTER, for defendants.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This case is before us upon bill and demurrer. The chancellor overruled the demurrer; and in the exercise of his discretion permitted defendants to appeal. This is the second suit between the same parties to recover the same land.

On July 1, 1903, complainants filed their bill in the chancery court of Scott county to recover of these defendants a certain tract of land, which is sufficiently designated for present purposes as grant No. 21937. Issues were made up and proof taken, and the final decree adjudicated that complainants had shown title to nine-sixteenths of the grant, and they were admitted with defendants to possession thereof. One link in complainants' chain of title offered in evidence was a deed from Charles F. Mayher, by his attorney in fact, to Thomas C. Lyon and Thos. H. Calloway. Calloway died, and his son and executor, Joe Calloway, executed a deed for eight-sixteenths of the grant to the East Tennessee Iron & Coal Company, predecessor in title of complainants. This deed from Joe Calloway, executor, to the coal company, was held to be void except as to one-sixteenth undivided interest owned by him by inheritance.

After that suit was brought and after the final decree therein, the East Tennessee Iron & Coal Company, with another, filed a bill in the chancery court of Clinton against the heirs at law of Thomas Calloway, deceased,

for the purpose of having the title to seven-sixteenths of the land which decended to them from their father divested out of them and vested in it. This was done by final decree of that court upon the ground that Lyon and Calloway purchased of Mayher as agents and trustees of the East Tennessee Iron & Coal Company. At the time of the suit of the coal company against the heirs of Calloway, complainants held the general warranty deed of the company for this land, and they had supposed they connected with Thomas Calloway through the deed of Joe Calloway, executor.

The present bill is filed upon the assumption that complainants have acquired a new title to seven-sixteenths of the land since the former suit of *Bird* v. *Phillips,* in which they relied upon the deed of Joe Calloway, executor, to convey the eight-sixteenths interest of his father, Thomas Calloway. They have made no new purchase and have received no new deed. But at the time of the decree of the chancery court at Clinton, divesting title out of the heirs of Calloway and vesting it in the coal company, complainants were the holders of the general warranty deed of the company for the title so acquired, and it is familiar law that this title passed to complainants by operation of the covenats in their deed. *Woods* v. *Bonner,* 89 Tenn., 411, 18 S. W., 67; *Robertson* v. *Gaines,* 2 Humph., 383; *Susong* v. *Williams,* 1 Heisk., 630.

At common law, a judgment in ejectment was not conclusive on either party. *Russell* v. *Stinson,* 3 Hayw., 42; *Blount et al.* v. *Garen,* 3 Hayw., 88.

This rule of the common law was changed by the Acts of 1851-52, brought forward in Shannon's Code, section 5000, as follows:

"Any such judgment in an action in ejectment is conclusive upon the party against whom it is recovered, not under disability at the time of the recovery, and all persons claiming under him by title accruing after the commencement of the action."

This modification of the common law rule relates alone to judgment in action of ejectment recovered against a defendant in such action, and has no application to a subsequent suit brought by an unsuccessful plaintiff in ejectment upon a new title acquired after the commencement of the suit. The title of plaintiff in ejectment is adjudged as of the date of the bringing of the suit. *Fowler* v. *Nixon;* 7 Heisk., 720.

And a judgment against plaintiff dismissing his suit merely adjudges that at the date of the suit he was not entitled to recover. It does not determine that the defendant has any title to the land.

Upon the general proposition that a judgment adverse to complainant in one action to recover land is not *res adjudicata* that precludes another action for the same land against the same parties based upon another title subsequently acquired, and not involved in the first suit, there seems to be no disagreement in the authorities. *Gore* v. *Gore,* 101 Tenn., 620, 49 S. W., 737; *McKissick* v. *McKissick,* 6 Humph., 75; Freeman on Judgments, vol. 1, section 329; Herman on Estoppel; Black on Judgments, vol. 2, section 656.

The question discussed in this case, however, is whether the complainants who brought the former suit in the belief that they had acquired the full May-her title by virtue of the deed of Joseph Calloway, executor, but were cast in that suit because of the want of power in the executor to convey the title, have acquired such a new title within the meaning of the authorities that they can set up in this suit against the same defendants. Of course, by the expression "new title" it is not meant that the complainant must have acquired a title not in existence at the date of the first suit. Such a title would be of no avail in an action of ejectment for the reason that titles to land, other questions out of the way, turn upon the seniority of the initial title. All that is meant is that the plaintiff, at the time of the beginning of the second suit, has become newly vested with paramount title by valid conveyance different from those offered in evidence in the first suit. In this case the deed upon which the complainants relied in the first suit was void, and therefore did not vest them with any interest in the land, except such as the maker of the deed owned in his individual capacity, and this interest passed by virtue of his deed as executor, without regard to his power to convey as executor. It would not do to say that if one desiring to purchase lands make an ineffectual attempt to do so, and then bring a suit believing that he has a valid title, but is cast because his conveyance is void, can never again acquire the true title by valid conveyance from the owner. This would introduce an element of

risk and uncertainty in the sales of real estate which a sound public policy, as well as reason, should forbid. Mr. Black quotes the following from *Thrift* v. *Delaney,* 69 Cal., 188, 10 Pac., 475, approvingly:

"There can be no doubt that a judgment rendered in an action to recover the possession of real property, under the system of pleading and practice adopted in this State, is, as to all matters put in issue and passed on in the action, conclusive between the parties and their privies, and a bar, in another action between the parties or their privies, when the same matters are directly in issue. The bar of a judgment in such an action is, however, limited to the rights of the parties as they existed at the time when it was rendered; and neither the parties nor their privies are precluded by the same from showing, in a subsequent action, any new matters occurring after its rendition, which give the defeated party a title or right of possession." Black on Judgments, vol. 2, sec. 626.

Mr. Van Fleet in his work on Former Adjudication (volume 1, p. 376) says:

"A person having purchased land from an agent who made him a deed by virtue of a power of attorney from the executors of the deceased owner, and having brought ejectment to recover it, and having been defeated upon the ground that the power of attorney was void, he may afterwards, without any consideration, take a deed from the executors themselves and maintain a new action of ejectment upon it; and the former judgment will be no bar.".

This court has announced the same rule. In *Gore* v. *Gore*, 101 Tenn., 620, 49 S. W., 737, Mrs. Gore filed her bill in the chancery court for the purpose of re- covering a certain tract of land claiming title as pur- chaser at a sale made under a decree to which the widow and heirs and devisees of one Henry C. Maxwell were all parties. On the trial of that case, it was held that the sale at which she was the purchaser was void and communicated to her no title to the land sued for. Af- ter this case was finally determined, Mrs. Gore took deeds from the heirs of Maxwell and brought another suit against the same defendants to recover the same tract of land. The court in disposing of the matter, and citing numerous authorities, said:

"The question then presented is: Is she precluded from setting up this after-acquired title by the result of the former litigation? If so, then we will have this anomalous condition: That complainant was defeated in the former suit because she had no title, and is to be defeated now, by reasons of the decree in that clause, when she presents, upon the averments of her bill, ad- mitted to be true by demurrer, a paramount legal title, acquired by her since the termination of that cause.

"We are aware of no case that would stand as au- thority for such a result. On the contrary, the rule is that a party will not be prejudiced by a judgment as to rights not then accrued." 101 Tenn., 622, 49 S. W., 738.

This is not the case of where the title papers of a complainant in ejectment were excluded from evidence

Bird v. Cross.

because of some informality in their execution, but the exact case is that the deed to the land in controversy upon which the first suit was rested was void because the maker of that deed had no title, and therefore had no power to convey the land.   The decree of the chancellor is affirmed.