No. 23,994.

ISAM ALFRED, *Appellee*, v. C. A. SAVAGE and FRANK HUDSON, *Appellants.*

SYLLABUS BY THE COURT.

1. EJECTMENT—*Title to Real Estate—Former Judgment—Matters Res Judicata.* A judgment in an action in ejectment is binding and conclusive between the parties thereto in a subsequent action for the recovery of possession of the real property, prosecuted by the unsuccessful party, unless that party can show a subsequently acquired title which avoids the judgment.

2. SAME. A contract with the administrator of the estate of a deceased person for the purchase of real property owned by the deceased person at the time of his death does not give title sufficient to avoid such a judgment as is described in the first paragraph of this syllabus where no administrator's deed has been delivered, although the contract with the administrator was made after the judgment was rendered.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 9, 1922. Reversed.

*James F. Getty,* and *Frank L. Bates,* both of Kansas City, for the appellants.
*A. J. Herrod, H. S. Roberts, J. O. Emerson,* and *D. J. Smith,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHAL, J.: In an action in ejectment, the plaintiff recovered judgment against the defendants, who appeal.

Melissa Martin, at the time of her death, which occurred in 1912, held the legal title to the property in controversy. Afterward, a claim of the plaintiff for $800 was allowed against her estate. There was no personal property out of which the claim could be paid. In 1918, an order was made by the probate court directing the sale of the property. The administrator contracted with the plaintiff to·sell to him the property for $600. That sale was confirmed by the probate court; but at the time of the trial of the present action, no deed for the property had been delivered by the administrator to the plaintiff. In September, 1913, in an action in ejectment for the recovery of the property in controversy, in which the defendant C. A. Savage was plaintiff and the plaintiff Isam Alfred was defendant, judgment was rendered in favor of C. A. Savage, finding that he was the owner of and entitled to the possession of the property and that Isam Alfred wrongfully withheld the possession

from C. A. Savage, and ordered that C. A. Savage recover posses-
sion of the property from Isam Alfred. The petition, the trial state-
ments, and the journal entry of judgment in that action were in-
troduced in evidence.

1. The judgment in favor of Savage against Alfred, rendered
in 1913, adjudicated the title to the property at that time, and is
conclusive between Alfred and Savage unless Alfred has shown a
subsequently acquired title which avoids that judgment. If the
title of Savage was superior to that of Melissa Martin at the time
of her death, the former judgment in favor of Savage established
the title in him, and that title cannot be defeated by a deed exe-
cuted by the administrator of the estate of Melissa Martin, de-
ceased.

2. Did the contract of Isam Alfred with the administrator give
to Alfred such a title as enables him to recover possession of the
property from C. A. Savage? The right of Alfred to a deed from
the administrator depended on Alfred's performance of the con-
tract with the administrator. There is nothing to show that Alfred
performed his part of the contract. Why the administrator's deed
was not delivered to Alfred does not appear, although it is inti-
mated that he did not pay the purchase price therefor. That inti-
mation seems to be correct because Alfred argues that he had
the right to apply his claim against the estate on the purchase price
after paying the costs of administration. His was the only claim
that had been allowed against the estate of Melissa Martin, but
neither Alfred nor the probate court had the right to assume that
no other claims against the estate would be presented. He did not
have the right to apply any part of his claim on the purchase price.
He should have paid his money and received the deed. The money
should have been paid out under the order of the probate court.
Alfred did not get a deed, and he did not prove such a title in him
as justified a judgment in his favor, against the former adjudication
of title in favor of C. A. Savage.

On the oral argument, it was stated by counsel that a deed from
the administrator to the plaintiff had been filed with the clerk of
this court and that an affidavit had also been filed. They cannot
be considered on this appeal, because the case comes here on the
record made in the trial court and must be decided on that record.

The judgment is reversed, and a new trial is directed.