BOWEN ET UX. *v.* FRANKFORT LOAN AND TRUST COM-
PANY.

[No. 13,216.   Filed December 19, 1928.   Rehearing denied March 8,
1929.]

*Ira M. Sharp,* for appellants.
*Dodson & Scifres* and *William Robison,* for appellee.

REMY, J.—Appellants, husband and wife, were the owners as tenants by entireties of a tract of land in Boone county, on which was a mortgage to secure a certain note, both the note and mortgage being executed by appellants in favor of appellee.  Suit on the note and for foreclosure of the mortgage having been instituted by appellee against appellants in Boone Circuit Court, a judgment by that court was rendered July 6, 1925, against both appellants for the amount of the note and for foreclosure of the mortgage, and on July 7, 1925, the sheriff gave notice, as required by statute, that on August 29, 1925, to satisfy the judgment, he would expose at public sale and sell to the highest bidder the fee simple

of the real estate described in the foreclosure decree, and on the day fixed the land was sold at sheriff's sale to appellee, at a price in excess of the amount of the judgment, and a certificate of sale delivered to appellee. The certificate did not refer to appellant Lorena M. Bowen or her interest in the land, but purported to be for the interest of Alfred M. Bowen. A copy of the certificate was filed in the clerk's office, and on August 29, 1926, there having been no redemption, the sheriff executed and delivered to appellee a deed conveying to it "all and singular the premises . . . in as full and ample a manner as the same was held by Alfred M. Bowen immediately before the execution of the mortgage," etc., no mention being made in the deed of Lorena M. Bowen or her interest.

Appellants having refused to vacate the premises, appellee, basing its right to possession upon its deed from the sheriff, began, September 25, 1926, an action in ejectment against both appellants. On the trial of the cause, the court, November 20, 1926, rendered judgment for appellants.

Thereafter, appellee herein procured an amendment of the sheriff's return on the order of sale, an amendment of the certificate of sale and an amended deed, in all of which amendments, the interest of appellant Lorena M. Bowen was referred to and included. Following these amendments or corrections, appellee commenced a second action in ejectment against appellants, which action is the case at bar. To the complaint, which is in the usual form, appellants, in addition to a denial, answered that the issue presented by the complaint had been adjudicated in the former ejectment proceeding. Trial resulted in a judgment for appellee, and this appeal followed.

The one question presented by this appeal is whether the judgment rendered in the first action in ejectment is a bar to the second action.

Appellants do not question the validity of the judgment rendered against both of them in the original suit by appellee on the note and for the foreclosure of the mortgage; nor do they question the regularity of the proceeding by which the certificate of sale and sheriff's deed were amended; and no question is raised as to the validity of the new sheriff's deed, upon which appellee bases its right to possession in this action. They base their right to retain possession of the real estate solely upon the judgment in their favor in the first action in ejectment, which judgment had been rendered in their favor because the sheriff's deed vesting title in appellee did not show a conveyance to appellee of the interest of appellant Lorena M. Bowen. It is argued that the question of title and right to possession of the real estate having been in issue in the former action in ejectment, the judgment in that case is conclusive in the case at bar. We do not so understand the law.

It is a well-settled principle of the law of *res adjudicata* that a judgment in ejectment against a party does not deprive him of the right, on acquiring a new title, to bring or defend another action for the same land on his new title. *Taylor* v. *McCrackin* (1829), 2 Blackf. (Ind.) 260, 262; *Richey* v. *Bues* (1906), 31 Utah 262, 267, 87 Pac. 903; *Woodbridge* v. *Banning* (1863), 14 Ohio St. 328; *Alfred* v. *Savage* (1922), 112 Kans. 340, 210 Pac. 1103; *Thrift* v. *Delaney* (1886), 69 Cal. 188, 10 Pac. 475; *Perkins* v. *Parker* (1865), 92 Mass. 22; *Hawley* v. *Simons* (1881), 102 Ill. 115.

Applying the rule of law stated to the facts of this case, as we must, it follows that appellee is not barred

from enforcing its right to possession of the real estate, by the judgment in the former action in ejectment.

Affirmed.