**H. C. NELSON, Plaintiff-Petitioner,**

v.

**WALLS PROPERTIES, INC.,
Defendant-Respondent.**

Supreme Court of Tennessee,
at Nashville.

Feb. 2, 1981.

John E. Appman, Jamestown, for plaintiff-petitioner.

Hollis A. Neal, Jamestown, for defendant-respondent.

OPINION

BROCK, Chief Justice.

This is "a boundary line dispute." *See* T.C.A. § 16–11–106. The issue presented for our determination is whether the plaintiff, Nelson, is estopped to maintain this action by reason of the judgment in an action of ejectment brought in 1965 by him and his wife, Bessie Human Nelson, against Wesley Cook, Joe LaRue, Otis LaRue, and Ziola LaRue York, the predecessors in title of defendant, Walls Properties, Inc. On motion for summary judgment, the Chancellor held that the plaintiff was estopped by the former judgment and dismissed the action. The Court of Appeals affirmed.

In his complaint in the instant action, the plaintiff alleges:

"7. That the true boundary line between the properties is that portion of the description contained in paragraph 3:

'... Thence South 44° 54 minutes West 893.61 feet to an iron pipe; thence North 30° West 2640 feet to a maple and spruce; thence North 44° East 816.75 feet to an iron pipe; thence North 2° 32 minutes East 829.06 feet to a spruce ....'"

In his complaint in the 1965 action, he claimed ownership to a boundary that was virtually congruent with the boundary just described. In the 1965 complaint, he described the boundary in a counterclockwise direction and gave the distances in poles, whereas, in the instant complaint he describes the boundary in a clockwise direction and gives the distances in feet. When one converts the poles to feet, it is seen that the boundary to which the plaintiff claims in the present complaint is for all practical purposes identical to the boundary to which he claimed in the 1965 action. There are minor discrepancies in the two boundaries as described in the 1965 and 1977 complaints, but, for purposes of considering the issue presented, we treat the boundary described in the two complaints as one and the same.

In the 1965 ejectment action, it was necessary that the plaintiff prove his title to

and right to possession of the land described in his complaint. Concerning actions of ejectment, T.C.A., § 29–15–104, provides:

"... The plaintiff's declaration shall specify the quantity of his estate and the extent of his interest, according to the truth, and described the premises, with convenient certainty, by metes and bounds, or other appropriate description."

■ To successfully maintain an ejectment action, the plaintiff must establish both the legal title and the right to immediate possession in himself. *Brier Hill Collieries v. Gernt*, 131 Tenn. 542, 175 S.W. 560 (1914). The plaintiff may establish his legal title by deraignment from the state, from a common source, or by adverse possession. *Tipton v. Smith*, Tenn.App., 593 S.W.2d 298 (1979).

In order to successfully maintain an action to settle a boundary line dispute, the plaintiff must carry the burden set out in T.C.A., § 16–11–106, to wit:

... (b) in all such cases a complete deraignment of title by the complainant from a state grant or common source of title shall not be required as in ejectment cases, but it shall be sufficient to establish title in complainant, that he prove clearly that he is the true owner of the lands described in his bill."

The burden of the plaintiff in a boundary line dispute is somewhat less than that borne by the plaintiff in an ejectment action, but, he must, nevertheless, "... establish title in the complainant ..." and he must "... prove clearly that he is the true owner of the lands described in his bill."

Clearly then, the plaintiff, Nelson, in both his 1965 ejectment action and in his 1977 boundary line dispute action was required to establish that he had title to the land described in his complaint, the boundary line to which he claimed being the same in both actions. The establishment of the plaintiff's title to that line was an essential element in both cases.

In an affidavit of defendant's counsel, filed in support of his motion for summary judgment, it is stated that the land claimed in the instant action is the identical land claimed by the plaintiff in the 1965 ejectment action and that plaintiff's counsel had stipulated that plaintiff would rely solely upon the same deeds in this action that were relied upon in the 1965 action.

The 1965 action was tried on the merits and resulted in a decree in favor of the defendant which provided:

"Upon due consideration and for satisfactory reasons appearing, including those findings set out in the memorandum opinion this day filed, the court is of the opinion that the material allegations contained in the complainants' bill are not sustained by the proof and that complainants' bill should be dismissed."

In the memorandum opinion referred to, the Chancellor, in part, made the following findings, to wit:

"The complainants base their claim on two deeds. One is for exactly 50 acres and the other for 100 acres, more or less. This leaves about 86 acres unaccounted for. Mr. Nelson's testimony is quite vague as to the portion of the land in controversy and which he insists these two deeds cover. The description of the two tracts of exactly 50 acres and 100 acres, more or less, fails to conform to the description contained in the bill. A tax deed was introduced. The complainant, H. C. Nelson, testified that he owned land in the Fourth Civil District of Fentress County, Tennessee, and that the tax deed covered it. He did not testify that the tax deed covered either the land described in the bill or the land described in the two other deeds for 50 acres and 100 acres.

"As regards the testimony of the complainants' witness, Joe Beaty, I hold that he fell short of testifying that the land described in the tax deed covered the land described in the bill....

"I hold that the map, Exhibit 8 of the complainant, H. C. Nelson, does not conform with the calls of the complainants' deeds. I hold that the complainants are bound to show with accuracy the particular lands they claim in order to succeed.

This, I hold, complainants have failed to do. It necessarily follows that the bill of the complainants must be dismissed. "Decree accordingly."

As we interpret his findings and decree, the Chancellor held in the 1965 ejectment action that the plaintiff had failed in his effort to prove that he held title to the lands described in the complaint. Since the same lands are the subject of the present suit and since the plaintiff alleges no new source of title but relies upon the same title documents introduced in 1965 which were judicially determined to be insufficient to establish title in the plaintiff, we conclude that principles of collateral estoppel require dismissal of plaintiff's action. T.C.A., § 29-15-120; *Bird v. Cross*, 123 Tenn. 419, 131 S.W. 974 (1910). One without title to real property has no justiciable interest in its boundaries.

The decrees of the trial court and the Court of Appeals are affirmed. Costs are taxed against plaintiff-petitioner.

FONES, COOPER and HARBISON, JJ., concur.