No. 10,534.

WISEMAN v. BECKWITH.

VENDOR AND VENDEE.—*Constitutional Law.—Contract, Obligation of.— Vested Rights.*—The obligation of an executory contract to convey land gives to the vendee the vested right to a conveyance of such title as the vendor had when the contract was made, and any subsequent legislation which diminishes such title, and thereby puts it out of the vendor's power to perform his contract, impairs its obligation, and is therefore void.

SAME.— *Widow.—Dower.—Conveyance.—Stare Decisis.*—A., when the statute gave the wife dower, contracted to convey lands to B., and made conveyance after the statute had given the wife one-third in fee, she not joining in the conveyance.

*Held*, that, upon the death of A., his widow was not entitled to a third in fee. *Held*, also, that *Strong* v. *Clem*, 12 Ind. 37, and subsequent cases, holding that in such case the widow is not entitled even to dower, have established a rule of property which can not now be questioned.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

*D. Moss* and *R. R. Stephenson*, for appellee.

MORRIS, C.—The appellant sued the appellee for the partition of certain real estate situate in Hamilton county, Indiana. The appellant alleges in the complaint that she was married to one John Wiseman in the year 1828, and remained his wife until his death, which is alleged to have occurred in the year 1876; that her said husband, John Wiseman, was, during said marriage, seized in fee of the southwest quarter of the northeast quarter of section 7, township 18, range 6 east, in Hamilton county, Indiana; that in the year 1854 her husband conveyed said real estate to one Sherwin P. Jones; that, by intermediate conveyances, the title conveyed by her said husband to said Jones passed to the appellee. It is averred that the appellant did not join with her husband in the conveyance of said land to said Jones nor to any one else; that, as the surviving widow of the said John Wiseman, she is the owner of one-third of said real estate in fee, and that the appellee is the owner of two-thirds as the remote grantee of said John Wiseman; that they, the appellant and appellee, hold said land as tenants in common. Partition is prayed.

The appellee answered in one paragraph, in which he alleges that, on the 15th day of April, 1853, said John Wiseman, then in life, but since deceased, bargained and sold the land described in the complaint to Sherwin Jones for the sum of $1,000; that at the time he made said sale said Wiseman gave said Jones a title-bond, binding himself to convey said land to him on the payment of said purchase-money; that said Jones immediately after making said purchase, and in pursuance thereof, took possession of said land, and made lasting improvements thereon of the value of $1,000; that

afterwards, during the year 1854, the said John Wiseman, in pursuance of the terms of said contract, conveyed said lands to the said Jones; that one Elizabeth Wiseman, who then lived with the said John Wiseman, and whom he recognized as his wife, united with him in the execution of said deed; that Jones conveyed the land to one Whitsel, who conveyed the same to one Stephens, who conveyed to the appellee; that Jones bought, paid for, took possession of, and made improvements on said land in good faith, without any knowledge of the fact that the appellant was, or ever had been, the wife of the said John Wiseman; that his possession and that of his grantors was continuous, uninterrupted, exclusive and adverse to the petitioner and all others for more than twenty years prior to the death of the said John Wiseman, and until the commencement of this suit. Wherefore, etc.

The appellant demurred to the answer. The court overruled the demurrer. The appellant elected to stand by her demurrer, and final judgment was rendered for the appellee.

The appellant insists that the court erred in overruling the demurrer to the answer, and this is the only error assigned.

At the time John Wiseman is alleged to have sold and given the possession of the land to the said Jones, he owned the same in fee, subject only to the inchoate right of the appellant to one-third of the same for life, in case she should survive him. John Wiseman could sell the title and all the interest he then owned in said land. By such sale the purchaser would become the equitable owner of the interest of his vendor, and being in possession, upon the payment of the purchase-money, he would be entitled, by his contract of purchase, to a conveyance of the right and title which his vendor had at the time of the purchase. By the contract of purchase, Wiseman was bound to transfer to the purchaser all the title to, and interest in, the land which he had at the time of the sale and purchase. The obligation of the contract required this. Any subsequent legislation, which attempted to take from Wiseman the title which he had at the time the

contract was made, and give it to another, thereby disabling him from performing the contract, would impair its obligation. For the law existing at the time of the making of a contract, silently entered into it, and constituted one of its terms, and this law determined the measure of its obligation.

In the case of *McCracken* v. *Hayward*, 2 How. 608, the court say: "In placing the obligation of contracts under the protection of the constitution, its framers looked to the essentials of the contract more than to the forms and modes of proceeding by which it was to be carried into execution; annulling all State legislation which impaired the obligation, it was left to the States to prescribe and shape the remedy to enforce it. The obligation of a contract consists in its binding force on the party who makes it. This depends on the laws in existence when it is made; these are necessarily referred to in all contracts, and forming a part of them as the measure of the obligation to perform them by the one party, and the right acquired by the other. There can be no other standard by which to ascertain the extent of either, than that which the terms of the contract indicate, according to their settled legal meaning; when it becomes consummated, the law defines the duty and the right, compels one party to perform the thing contracted for, and gives the other a right to enforce the performance by the remedies then in force. If any subsequent law affect to diminish the duty, or to impair the right, it necessarily bears on the obligation of the contract, in favor of one party, to the injury of the other; hence any law, which in its operation, amounts to a denial or obstruction of the rights accruing by a contract, though professing to act only on the remedy, is directly obnoxious to the prohibition of the constitution."

In this case, by the contract, the duty of Wiseman was to convey the title which he had in April, 1853, to the land in controversy to Jones, and the right of Jones was to have such title. If the law of 1852, which took effect May the 6th, 1853, is held to give the appellant one-third of the land

in fee, it necessarily affects the duty of John Wiseman, as defined by his contract of sale, and it manifestly impairs the rights of Jones as the purchaser. The law of 1852 can not, therefore, have this effect without impairing the obligation of the contract by which Wiseman sold and agreed to convey to Jones.

But, for another reason, the law giving the widow one-third in fee of the land of which her husband was seized during coverture, and in the conveyance of which she has not joined, can not apply. Before that law took effect, according to the averments of the answer, Jones had a vested interest in the land. That interest could not be disturbed or affected, or in any way diminished, or in any degree divested, by subsequent legislation. If Jones, by his purchase, had or secured a vested interest in this land, it will hardly be pretended, in view of the decisions of this court, extending from 1857 to the present time, and the decisions of the courts of other States, that such interest could be diminished by subsequent legislation. *Strong* v. *Clem*, 12 Ind. 37; *Noel* v. *Ewing*, 9 Ind. 37; *Taylor* v. *Sample*, 51 Ind. 423; *May* v. *Fletcher*, 40 Ind. 575; *Bowen* v. *Preston*, 48 Ind. 367; *Bowers* v. *Bowers*, 53 Ind. 430.

Judge Cooley, in his work on Constitutional Limitations, p. 357, says:

" But there is no rule or principle known to our system under which private property can be taken from one person and transferred to another, for the private use and benefit of such other person, whether by general law or by special enactment. * * * No reason of general public policy will be sufficient, it seems, to validate such transfers when they operate upon existing vested rights."

It is upon this principle that the foregoing cases rest, and we think they are not liable to just criticism.

By the contract, Jones became the equitable owner of the title and interest of John Wiseman in and to the land in controversy; he was the equitable owner of the land, subject only to the inchoate dower right of the appellant. To hold that by

the law which took effect May the 6th, 1853, the appellant held an inchoate interest in fee to one-third of the land, would be taking something from Jones and giving it to the appellant for her private use. This can not be done.

Pomeroy, in his work on Equity Jurisprudence, says:

"In truth the vendee becomes the equitable owner of the land and the vendor the equitable owner of the purchase-money at once, upon the execution of the contract, even before any portion of the purchase-money is paid." Pom. Eq. Juris., section 368.

In defining what constitutes a vested right, Judge Cooley says: "It must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another." Const. Lim. 359.

According to this definition, the correctness of which will not be questioned, it is quite clear that by the contract of sale Jones had a vested right to and in the land in controversy, a right to have transferred to him, upon the payment of the purchase-money pursuant to the terms of the contract, the title to the land in fee, subject only to the life-estate of the appellant to one-third of the same, if she survived her husband, and it is equally clear, we think, that this right could not be disturbed by subsequent legislation.

But the contract of purchase and the rights of Jones and the appellee, as his grantee, would not be in any way disturbed by giving to the appellant the right to one-third of the land from the death of her husband during her life. To do this would be neither an invasion nor a diminution of the rights of Jones.

But dower was abolished by the law of 1852. The right of dower, being but an expectancy during the life of the husband, was subject to legislative control. Cooley Const. Lim. 359; *Strong* v. *Clem, supra.*

Though dower was abolished in 1853, after the contract of sale was made in this case, still, may not the appellant, as the

widow of John Wiseman, take, under the law which gives her a third in fee, a less estate? Does it follow that because of the sale made by her husband she can not take a fee without disturbing vested rights or impairing the obligations of a contract? She can not take a less estate than a fee, though such less estate might be taken without interfering with vested rights or impairing the obligations of a contract. The writer of this opinion can see no reason why the appellant might not, under the law of 1852, take such less estate—why the law should not be operative as far as it can operate without disturbing vested rights or impairing the obligations of contracts. The case before us must, it would seem, have been within the contemplation of the law-makers of 1852, and it may be fairly assumed that the reason why it was not specifically provided for was because it was intended that the widow, under the provisions made, could take less than a fee, where, by reason of contracts made before the law took effect, she could not obtain the fee. But the decisions referred to settle the question the other way. It is obvious that in the case of *Strong* v. *Clem, supra,* and the other cases referred to, the widow, not having joined in the conveyance, might have taken a life-estate in the land in controversy without invading the vested rights of the purchaser or impairing the obligations of the contract of purchase. The court held, however, that she was not entitled to even a life-estate. The question, it is true, does not seem to have been discussed by the court, but the rule established has been acquiesced in as the law for many years, and the appellee, for any thing that appears in the record, may have purchased the land in controversy in reliance upon these cases. The rule thus established has become one of property, and it is now too late to question it. We conclude that the court did not err in overruling the demurrer to the appellee's answer.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.