Filed Feb. 12, 1885.

———————————

No. 11,384.

MITCHELL v. FRENCH ET AL.

RES ADJUDICATA.—A judgment is only conclusive upon matters within the issues, and not on after-occurring facts not involved in the suit in which the judgment was rendered.

SAME.—Evidence.—It will be presumed that the questions involved in the issues in a former action were tried therein, and oral evidence of such fact is harmless.

From the Morgan Circuit Court.

*J. V. Mitchell, J. F. Cox, W. R. Harrison* and *W. E. Mc-Cord,* for appellant.

*G. W. Grubbs, M. H. Parks, G. A. Adams* and *J. S. Newby,* for appellees.

BLACK, C.—On the 18th of September, 1874, Henry Sheplor purchased from one Henry H. Haase, and the latter conveyed to the former, certain land in Morgan county. In November, 1874, and in 1875, said Sheplor, as guardian of Dora I. Sheplor, Seymour A. Sheplor and Darius E. Sheplor, minors, received certain moneys of the estates of his said wards, and thereafter he used money so received in making payment of purchase-money for said land. Afterwards, in November, 1875, the First National Bank of Martinsville recovered a personal judgment against said Henry Sheplor, in. the circuit court of said county, which, therefore, was a lien on said land. On the 22d of January, 1876, said Henry Sheplor conveyed said land to his said wards in payment of their money invested by him as aforesaid. On the 24th of March, 1879, under an execution issued on said judgment, said land was sold by the sheriff to James M. Mitchell.

Said Dora I. Sheplor became the wife of Edward French, and she with her said husband and said Seymour A. and Darius E. Sheplor brought their suit against said Henry Sheplor, the First National Bank of Martinsville, James M. Mitchell and others, in said circuit court, and such proceedings were had that on the 12th of December, 1879, judgment was rendered by said court in said cause, that the plaintiffs therein should take nothing by their suit, and that the defendants therein should recover their costs of said plaintiffs. From this judgment said plaintiffs appealed to this court, and said judgment was affirmed. See *French* v. *Sheplor,* 83 Ind. 266 (43 Am. R. 67). After the rendition of said judgment, and before the expiration of one year after said sheriff's sale, said Dora I. French and Seymour A. and Darius E. Sheplor paid to the clerk of said circuit court the full amount of said

Mitchell's bid at said sale, with ten per cent. interest thereon from the date of the sale, for the redemption of said real estate from said sheriff's sale to said Mitchell, and received the · clerk's certificate of said payment for such purpose. Afterwards, on the 10th of April, 1880, said sheriff executed a deed of conveyance of said real estate to said Mitchell pursuant to said sale to him.

The questions involved in said action, as will be seen by consulting the opinion of this court, per MORRIS, C., above referred to, and which were determined in the trial court and in this court against the plaintiffs in said action, were, whether said wards were entitled to have a trust in said land declared in their favor, because said guardian, having purchased said land upon his own credit and having taken the conveyance thereof to himself, afterwards, in payment of the purchase-money, in violation of his trust, used the money of his said wards; and whether said wards were entitled to subrogation to the rights of the holders of liens existing on said land from or before the time of said guardian's purchase thereof, which he afterward paid off with such money of his wards.

The action now at bar was one brought by said Mitchell in 1882 to quiet his title to said land. Under a cross complaint of said Dora I. French and Seymour A. and Darius E. Sheplor, the court found in their favor and rendered judgment quieting their title to said land. The controlling question before us is whether said defendants were estopped by said former judgment from asserting title to said land upon the facts which we have stated. We think that this question must be determined against the appellant.

The issues decided in the former action did not involve the cause of action in this suit. In the former case, the plaintiffs therein were claiming, as to the interest of said Mitchell under said sheriff's sale, that they had an equitable interest in said land because of the use of their money by their guardian in paying his indebtedness for purchase-money and in discharg-

ing liens thereon, and that the interest of said Mitchell under his purchase at sheriff's sale, having been acquired by him with notice of such equitable interest, was subordinate to it.

In the case at bar, the claim of the defendants under their cross complaint recognizes the ownership of said land by said Henry Sheplor at the date of the judgment in favor of said bank and the validity of the sale of the land as his property by the sheriff to said Mitchell. The conveyance of the land in 1876 to the appellees by said Henry Sheplor, in consideration of his use of their money in the purchase thereof by him, gave them a right to redeem from said sheriff's sale; and it is upon said redemption that their claim of title is based in this action. This fact, which was not involved in the former suit, and which has occurred since the rendition of the judgment therein, makes, with the other facts stated, a cause of action for the appellees; whereas, as appears from the decision of this court above cited, their complaint in the former action showing said other facts failed to state a cause of action for them; therefore, it can not be claimed that the cause of action now presented by the appellees is *res judicata.*

On the trial, the court permitted an attorney in the former action to testify for the appellees as to the questions litigated therein. The testimony so given was in agreement with the record of said former action already in evidence, and, in effect, merely showed by oral evidence, that the questions involved in the issues in that action were tried therein. This would have been presumed without the oral evidence. The prior case having been relied upon by the appellant as a former adjudication of the matter presented in this case by the appellees, the record of the former action sufficiently proved the contrary; and the oral evidence, which could not have produced a result different from that which must have been reached without it, did not harm the appellant.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

