JOHNSON ET AL. v. GLASSLEY ET AL.

[No. 17,813. Filed January 19, 1949.]

706

*Joseph R. Roe,* of Columbia City, and *Inebnit and Chattin,* of Goshen, attorneys for appellents.

*John W. Whiteleather,* of Columbia City, attorney for appellees.

DRAPER, J.—The appellants Johnson and Johnson are partners. They brought a suit to enjoin the use of the name "South Whitley Neon Sign Company" by the appellees Glassley and Blue, who are also partners. The appellees countered with a suit to enjoin the use of the name "South Whitley Neon Company" by appellants. The cases were consolidated and tried by the court, who found for appellees and granted the relief prayed for.

At a pre-trial conference it was agreed that the issues to be tried by the court were:

"1. Did Appellants adopt, use, and conduct its business under the style, firm name and trade name of 'South Whitley Neon Company' prior to the time that 'South Whitley Neon Sign Company' was adopted, used and established as a trade name by Appellees?

"2. Did appellants abandon and cease to use the trade name of 'South Whitley Neon Company' prior to the adoption of the name 'South Whitley Neon Sign Company' by Appellees?

"3. Did Appellees establish and use the trade name of 'South Whitley Neon Sign Company'?"

It appears from the evidence that on September 16, 1941, Johnson and Johnson filed a certificate with the clerk of the Whitley Circuit Court stating they were partners doing business as South Whitley Neon Company. See Burns' 1933, § 50-201. The evidence further shows, however, that they never actually conducted their business under it. On the contrary it appears they

advertised themselves and conducted their business under the name of "Johnson Brothers" or "Johnson Neon Sign Company." They testified they adopted the name South Whitley Neon Company because no one else was using that name and partially because they wanted to prohibit its use by a competitor. They never advertised under the name of South Whitley Neon Company; never so labeled their products; and never applied for any license to hang signs or caused themselves to be listed in the telephone directory in that name. Their contracts, stationery and supplies bore the name of Johnson Neon Company or Johnson Brothers, and their licenses to hang signs were procured in that name. The evidence further disclosed that the name South Whitley Neon Sign Company was adopted in August, 1947, by a partnership composed of the appellee Glassley and his partner Warren Myers, who later sold his interest to the appellee Blue, and since its adoption has been used in conducting the business of that partnership. It was stipulated that as the result of the use of the name South Whitley Neon Sign Company by appellees and South Whitley Neon Company by appellants a confusion has arisen in the industry; purchasers who buy and use signs are misled; and the use of the name by parties not entitled thereto causes and will cause irreparable injury to those entitled to use the name.

Trade names are acquired by *adoption and user.* They belong to the one who first uses them and gives them a value. *Hartzler* v. *Goshen, etc., Ladder Co.* (1914), 55 Ind. App. 455, 104 N. E. 34.

The mere adoption of a particular name as a trade name, without actual use thereof in the market, confers no right thereto, even though such adoption is publicly declared. 52 Am. Jur., § 22, p. 519. Nor

may a merely prohibitive or monopolistic use of a name be made. 52 Am. Jur., § 25, p. 520. These principles are so well established that the multiplication of authorities is unnecessary. It seems to us that the decision is sustained by the evidence.

The appellants insist our decision should not turn alone on the legal principles applicable to trade names, but this should be disposed of as an unfair competition case. In that connection appellants say that even though they failed to actually adopt and use the name, they were known to many as the South Whitley Neon Company and the appellees took and used a confusingly similar name with the express intention of filching appellants' good will and diverting to themselves business intended for appellants; and equity should not place injunctive relief in such unclean hands.

As we understand them, they thus seek to raise the question of the extent, if at all, to which a single enterprise doing business under one name may be entitled to the exclusive use of another name by which it is sometimes known, but which it has never actually adopted and used. But the parties chose their weapons in the court below. They agreed that a decision of this case properly turned on the answers to the questions above set out. That was the case presented and tried below, and that is the case we are reviewing. By its judgment the court below answered the questions submitted. It was not required to go further. Nor may we create new issues and decide this case on an entirely new and different theory. The subsequent course of an action is controlled by agreements made at pre-trial conference so long as they remain unmodified. Rules of the Supreme Court, 1-4. The principle involved is ably discussed in Elliott, *Appellate Procedure*, p. 410, § 489, *et seq.*

The appellants assert error in the admission and in the exclusion of certain evidence. Their motion for new trial does not disclose the nature or grounds of the objections made to the admission of that evidence, however, and so no question concerning its admissibility is presented for review. *Vaughn Building Company* v. *State of Indiana* (1933), 97 Ind. App. 556, 185 N. E. 656; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474; *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. 2d 207; *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. 2d 267.

Judgment affirmed.

NOTE.—Reported in 83 N. E. 2d 488.