BEATTY ET AL. *v.* MCCLELLAN.

[No. 18,033.  Filed February 15, 1951.  Rehearing denied
March 16, 1951.  Transfer denied May 16, 1951.]

244

*Sol H. Esarey, Clinton H. Givan,* both of Indianapolis; and *Moran & Abromson,* of Portland, for appellants.

*Alan W. Boyd; George J. Zazas;* and *Barnes, Hickam, Pantzer & Boyd* (of counsel), all of Indianapolis; *Leonidas A. Guthrie,* of Muncie and *Roscoe D. Wheat,* of Portland (both of counsel), for appellee.

WILTROUT, C. J.—Appellee filed this action in ejectment and to quiet title. Appellants denied the allegations of the complaint, and asserted that appellant William G. Beatty is the fee simple owner of the real

estate, and that appellee has no right, title or interest therein. They also filed an answer of *res judicata*, based upon the case of *McClellan* v. *Beatty* (1944), 115 Ind. App. 173, 53 N. E. 2d 1013, 55 N. E. 2d 327. Appellant Beatty also filed a cross complaint to quiet title, alleging that he is the equitable owner of said real estate, and that appellee has no right, title or interest therein.

Trial by jury resulted in a verdict and judgment for appellee on his complaint and against appellant Beatty on his cross complaint.

The only questions with which we are confronted by the appellants' brief may be stated thus: (1) are the issues in this case *res judicata;* (2) was it error to admit the appellee's Exhibit 3 in evidence; (3) was it error to admit appellee's Exhibit 10 in evidence; (4) did the court err in permitting the clerk of the Jay Circuit Court to read in evidence the judgment docket of said court pertaining to the case of McClellan v. Tobin, later appealed to the Supreme Court and appearing in its reports as *Tobin* v. *McClellan* (1947), 225 Ind. 335, 73 N. E. 2d 679, 75 N. E. 2d 149; (5) did the court err in refusing to give appellants' tendered instruction No. 6. These questions will be discussed in the order of their statement.

The appellants present the question of *res judicata* in a number of ways. They say that the verdict of the jury herein is not sustained by sufficient evidence and is contrary to law because the evidence conclusively shows that the issues in this case, both on the complaint and the cross complaint, were adjudicated adversely to the appellee in *McClellan* v. *Beatty, supra.* They further contend that the court erred in giving its instructions Nos. 2 and 10 and in refusing to give their tendered instructions Nos. 1, 2, 3, 4, 8 and 9. All of these instructions of appellants and their objections to

the court's instructions Nos. 2 and 10 relate to the doctrine of *res judicata* and the propriety of the court's action depends entirely on the applicability of said doctrine to the facts of this case.

The opinion in *McClellan* v. *Beatty, supra,* which was received in evidence, states the material facts which occurred prior to the commencement of that action. It discloses what the issues were and upon what evidence they were decided. In the present case substantially the same evidence was also introduced. We follow the wording of that opinion in setting forth those facts, substituting only the names of the parties for the designations "appellant" and "appellee."

"The evidence discloses that on July 15, 1935, the Merchants National Bank of Muncie, then owner, executed with one Rose Tobin a written contract for the, sale, on a monthly basis, of a two-story and basement building in the City of Muncie. Later the bank furnished funds for extensive alterations to suit a new tenant for the ground floor of the building and to cover this item the first contract was superceded by another, which being insufficient for the purpose, was itself superceded by another date January 20, 1938, and calling for the payment of a purchase price of $7500. On October 19, 1938, Rose Tobin assigned all her 'right, title and interest' in the contract to (McClellan), he paying her $1,467.33 therefor and taking it subject to the unpaid balance. On November. 12, 1938, the bank, upon receiving the full balance from (McClellan), deeded the real estate to him and he filed this action the same day.

"Beatty, as Receiver, had been in possession of the building prior to the execution of the first contract in July 1935, but came into possession of it personally at that time. At and prior to the execution of the first contract he agreed verbally with Mrs. Tobin that she

was to make the down payment and keep up the monthly payments, and he was to pay taxes and keep up the building. It was agreed that he would reimburse her for her outlays as soon as he was able to do so, and thereupon receive from her the title to the building, and he is indebted to her for the amounts which she advanced. The contracts with the bank were executed in her name without fraudulent intent, and for the sole purpose of securing her against loss and she had no actual interest in the building except to protect her advancements. Prior to the assignment of the contract Beatty had advanced about $3500 for repairs, taxes, upkeep and insurance, and Mrs. Tobin had made the down payment of $1500, and had invested about $1000 additional in the project. Since the execution of the first contract and until the execution of the assignment Mrs. Tobin had, and much of the time occupied, an apartment on the second floor of the building. Under his agreement with Mrs. Tobin, Beatty has at all times occupied the basement portion of the building without any obligation to pay rent therefor. The contract conferred upon the buyer the right to the possession of the property pending default.

"When (McClellan) took the deed he had actual knowledge of the occupancy of the basement by Beatty and before the assignment was executed Mrs. Tobin told him that Beatty had improved the property, had 'done everything there that has been done,' and should be considered in the transaction, but (McClellan) told her to 'forget it.' Beatty neither knew of nor acquiesced in the transactions between Mrs. Tobin and (McClellan), or in the execution of the deed by the bank. . . . The evidence discloses that it was agreed before the purchase that the moneys advanced by Mrs. Tobin would constitute a loan from her to Beatty, she to take title as security for its repayment, and he becoming

indebted to her for the amounts advanced and to be advanced, and obligated to her for their repayment."

This court held that under these facts the equitable title to the real estate under the contract for the sale of the land to Mrs. Tobin vested in Mrs. Tobin as trustee. It was also stated, "Under the circumstances of this case, the money advanced by Mrs. Tobin, though paid directly to the vendor, must be considered the money of Beatty, and a trust resulted in his favor" and that, "One who takes property with notice of a resulting trust takes subject to it."

It is noted that in the above case McClellan filed the action the same day the real estate was deeded to him by the bank. This court concluded that it was incumbent upon McClellan "to prove his right to the immediate possession of the real estate, and he having failed to do so the judgment of the court below must be affirmed."

The case of *McClellan* v. *Beatty, supra,* was instituted in 1938, and judgment rendered in the court below in 1939. The present action was commenced in 1941, and the evidence differs from that in the earlier case in that in this case it is now shown that Beatty has continued to occupy part of the building and that he has never paid or offered to pay McClellan.

Appellants say that the title to the real estate was in issue in the first action in ejectment; that under the statutes, §§ 3-1301 et seq., Burns' 1946 Replacement, the plaintiff in an ejectment action must allege and prove his interest in the real estate; that McClellan alleged that he was the fee simple owner of said real estate and entitled to the possession thereof; that the finding was a general one against him; that the judgment was rendered on the merits; and that its effect was to constitute an adjudication that McClellan had no right, title or interest in said property.

In *Town of Flora* v. *Indiana Service Corp.* (1944), 222 Ind. 253, 53 N. E. 2d 161, the Supreme Court said:

"There are two well defined branches of the rule of *res judicata*. The subject has often been confused by the loose use of descriptive terms. One branch of the subject deals with prior adjudication as a bar. Under it a cause of action finally determined between the parties on the merits by a court of competent jurisdiction, cannot again be litigated by new proceedings before the same or any other tribunal, except by way of review according to law. Such a judgment or decree so rendered is a complete bar to any subsequent action on the same claim or cause of action, between the same parties, or those in privity with them. Every question which was within the issues, and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated. *Jordan* v. *Sisson* (1924), 82 Ind. App. 128, 141 N. E. 881. This rule is perhaps best described as 'estoppel by judgment.'

"The other branch of the subject applies where the causes of action are not the same, but where some fact or question has been determined and adjudicated in the former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties. In such cases the former adjudication of the fact or question, if properly presented and relied on, will be.held conclusive on the parties in the latter suit, regardless of the identity of the causes of action, or the lack of it, in the two suits. When the second action between the same parties is on a different cause of action, claim, or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. In such cases the inquiry must always be as to the point or question actually litigated and determined in the original action. This branch of the subject may appropriately be described as 'estoppel by verdict or finding.' See *Charles E. Harding Co.* v. *Harding*

(1933), 352 Ill. 417, 186 N. E. 152, 88 A. L. R. 563 (Ann. on p. 574).

"In this connection it should be further observed that where a judgment may have been based upon either or any of two or more distinct facts, a party desiring to plead the judgment as an estoppel by verdict or finding upon the particular fact involved in a subsequent suit must show that it went upon that fact, or else the question will be open to a new contention. The estoppel of a judgment is only presumptively conclusive, when it appears that the judgment could not have been rendered without deciding the particular matter brought in question. . . ."

See also *Linville* v. *Chenoweth* (1949), 119 Ind. App. 515, 84 N. E. 2d 473.

In view of these two branches of the rule of *res judicata* it is important to determine whether the present action is based on the same or a different cause of action.

"Where a judgment is rendered for the defendant on the ground of the non-existence of some fact essential to the plaintiff's cause of action, the plaintiff is not precluded from maintaining an action after such fact has subsequently come into existence." *Restatement, Judgments,* § 54, p. 211. 50 C. J. S., Judgments, § 650, p. 92; 30 Am. Jur., Judgments, § 206, p. 943; *Royal Ins. Co.* v. *Stewart* (1921), 190 Ind. 444, 129 N. E. 853; *Mitchell* v. *French et al.* (1885), 100 Ind. 334; *Bowen* v. *Frankfort Loan & Trust Co.* (1929), 88 Ind. App. 671, 164 N. E. 317.

We conclude that the failure to make any payments to appellee was a fact which subsequently came into existence and created a new legal situation, and the present action is not on the same cause of action as the former case. The rule of "estoppel by judgment" is therefore not applicable, and that

judgment is conclusive only as to the questions actually litigated and determined in the original action.

It was not determined in the original case that McClellan had no right, title or interest in the real estate, or that Beatty was freed of any obligation to pay. It was determined that at that time he had failed to prove his right to the immediate possession of the real estate. This court said: "It was incumbent upon the appellant (McClellan) to prove his right to the immediate possession of the real estate, and he having failed to do so the judgment of the court below must be affirmed."

The appellants make no contention in their brief that the verdict of the jury on the appellee's complaint is not sustained by sufficient evidence or is contrary to law for any other reason than that the present issues were formerly adjudicated and we therefore conclude that they have waived other questions that may be suggested by the record. The verdict on the appellant Beatty's cross complaint was negative and an assignment that it is not sustained by sufficient evidence presents no question. No reason as to why such verdict is contrary to law is pointed out other than the contention that said appellant's title to the property in controversy was established in the case of *McClellan* v. *Beatty, supra*. As far as an adjudication of title is concerned that decision merely holds that when the Merchants National Bank of Muncie and Rose Tobin entered into a written contract for the sale and purchase of said property *Rose Tobin* became the owner of the equitable title thereto in trust for the appellant Beatty. The evidence indicates that under the terms of the trust Beatty was obligated to reimburse Rose Tobin and her successor, the appellee, for any and all sums of money paid out by them by reason of said contract before any title, legal or equitable, could vest in

him. By his cross complaint he assumed the burden of proving that he had done so and therefore was entitled to have his title quieted. The jury found against him on that issue and, as the evidence does not force a contrary conclusion, the verdict on the cross complaint is not contrary to law.

It follows that the court did not err in overruling the motion for new trial as to those causes which were based upon the rule of *res judicata*.

The appellee's Exhibit 3, the admissibility of which is challenged, is a certified copy of certain proceedings in the Delaware Superior Court in 1933 and 1934 by which the Merchants National Bank of Muncie foreclosed a mortgage on the real estate in question and obtained title thereto upon a sheriff's sale. As both the appellee and the appellant Beatty trace their titles to such bank it is difficult to understand how proof of the source of the bank's title, while unnecessary, could have been prejudicial to either. We have been referred to no case so holding but however it may be that the objections to the exhibit urged by the appellants in this court are not those which they made in the court below and therefore cannot be considered. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 186, 65 N. E. 2d 106; *Fame Laundry Co.* v. *Henry* (1924), 195 Ind. 453, 460, 144 N. E. 545.

Appellee's Exhibit 10 is a certified copy of an order of the Delaware Superior Court entered in 1944 in a case wherein the appellant Beatty had been appointed receiver for the property in suit and was, by said order, discharged. The appellants now assert that such exhibit was erroneously admitted because it in no way tended to impeach Beatty's credibility as a witness and its only effect was to prejudice the jury. They

made no such objection below and it is not available to them here. See authorities last above cited.

The judgment docket of the Jay Circuit Court in the case of McClellan v. Tobin was read in evidence by the clerk of said court over the objections of the appellants. What such objections were do not appear in their motion for a new trial and we have no way of knowing whether the alleged error they now assert was presented to the trial court. Under such circumstances we have no question before us. *Johnson* v. *Glassley* (1949), 118 Ind. App. 704, 83 N. E. 2d 488; *Vaughn Building Company* v. *State of Indiana* (1933), 97 Ind. App. 556, 185 N. E. 656.

The appellants' tendered instruction No. 6, refused by the court, sought to advise the jury that the assignment of Rose Tobin's interest in the property to the appellee would in no way affect the interests of the appellant Beatty therein. The jury was so advised by the court's instructions No. 7 and No. 15 and there was no error in the court's refusal to give a third instruction on the subject.

We conclude that appellants have presented nothing which requires a reversal of the judgment.

Judgment affirmed.

Bowen, P. J., not participating.

Martin, J., dissents with opinion.

DISSENTING OPINION

MARTIN, J.—I cannot agree with the majority opinion.

The facts in this case, as substituted from the case of *McClellan* v. *Beatty* (1944), 115 Ind. App. 173, 53 N. E. 2d 1013, 55 N. E. 2d 327, clearly show that when

Mrs. Tobin assigned the contract covering the purchase of the property in question to the appellee he took the equitable title in trust for the benefit of the cestui que trust, appellant Beatty, as the appellant Beatty was the real equitable owner of the property in question and title was held by the trustee to secure money advanced on the purchase price. *McClellan* v. *Beatty, supra.*

The facts further show that the appellee, McClellan, merely holds the legal title to said property as trustee, as security for the purchase money and has a mere lien upon the real estate. *Kimberlin* v. *Templeton* (1913), 55 Ind. App. 155, 102 N. E. 160. In this case the court said:

"We think it may be conceded as a general rule that where there is a contract for the sale of real estate, the vendee becomes the equitable owner thereof, the vendor simply holding the title as security for the purchase money. The vendee being the equitable owner, secures all the benefits, and assumes all the risks of ownership. This doctrine is amply sustained in 1 Pomeroy, Eq. Jurisp. § 368; 4 Pomeroy, Eq. Jurisp. § 1406. This being an appeal to the equity side of the court, it is our duty to construe the contract so as not to give either party an unfair advantage. In the case of *Hunter* v. *Bales* (1865), 24 Ind. 299, 302, it is said: 'In equity, a contract for the sale of land is not merely executory, but the vendee becomes the owner, and the vendor is seized in *trust* for him, and has a mere lien on the land for the purchase money, upon the maxim that "equity looks upon that as done which is agreed to be done." The contract, however, which in equity will make him the owner, must be a valid contract; must be such that he has *a right to pray* a specific performance of it. Equity looks upon that as done which is thus agreed to be done, and it relates back to the contract.' In the case of *Sutherland* v. *Goodnow* (1884), 108 Ill. 528, 48 Am. Rep. 560, the court quotes with approval from Bouvier's Dictionary as follows: 'See Bouv. Law Dic. 495, title "Sale", 15. At law a deed is essential to vest title to real estate, but in equity the title will be treated and

protected as being where the parties have contracted it shall be, for that purpose holding the vendor as trustee of the legal title for the benefit of the vendee, while the latter is looked upon as trustee of the purchase money for the benefit of the vendor. Bisph. Eq. (2d ed.) 423; 2 Bouv. Law Dic., supra.' See also, *Wiseman* v. *Beckwith* (1883), 90 Ind. 185, 190; *Thompson* v. *Norton* (1860), 14 Ind. 187; *Broker* v. *Scobey* (1877), 56 Ind. 588, 593; *Caldwell* v. *Bank of Salem* (1860), 20 Ind. 294, 296; *Webster* v. *Major* (1904), 33 Ind. App. 202, 213, 71 N. E. 176."

I take it, therefore, that this must be accepted as the sound doctrine to be applied to the facts in this case.

When the appellee, McClellan, took the deed to the real estate in question from the bank he took it with notice of the contract between the bank and Mrs. Tobin. One who takes property with notice of a resulting trust takes subject to it. *McClellan* v. *Beatty, supra;* 3 *Scott on Trusts,* § 408; 4 *Pomeroy's Eq. Jur.* (5th ed.), § 1043.

When McClellan took the assignment of the contract from Mrs. Tobin he assumed the payments to the bank under said contract, which payments he paid, and Beatty then became indebted to McClellan for the purchase money paid on said real estate. When McClellan took the deed from the bank, who was merely holding legal title as trustee, he was placed in the same position as the bank as trustee, holding legal title to said property with a lien on said real estate for the purchase money.

It follows, therefore, that the verdict of the jury is contrary to law and the court erred in overruling the appellants' motion for a new trial.

This case should be reversed.

NOTE.—Reported in 96 N. E. 2d 675.