BEATTY *v.* MCCLELLAN

[No. 18,658.   Filed June 5, 1956.]

*Sidney E. McClellan,* and *George S. Koons,* of Muncie for appellant.

*L. A. Guthrie,* of Muncie, *Chauncey W. Duncan,* of Rushville, *George W. Rauch,* of Marion, for appellee.

CRUMPACKER, J.—On November 25, 1949, the Jay Circuit Court entered the following judgment of record:

"It Is Therefore Ordered, Adjudged and Decreed by the Court that the plaintiff, William A. McClellan, recover of and from the defendants, William G. Beatty, Nellie T. Dunn and William G. Beatty, Nellie T. Dunn, a partnership doing business under the style of the Gallivan Company, the immediate possession of the real estate described as follows:

"A part of Out Lot Number Six (6) in Brown's Donation to Muncie Town, now city of Muncie, more particularly described as follows, to-wit:

"Beginning at a point in the north line of Main Street in the city of Muncie, Indiana, one hundred twenty-five (125) feet east of the southwest corner of said Out Lot thence east with said north line of Main Street thirty-seven and seven-tenths (37.7) feet to the middle of brick partition wall thereon found; thence north and parallel to the east line of Elm Street one hundred twenty-five (125) feet to the south line of the First Alley, thence west on the south line of said alley thirty-six and thirty-four hundredths (36.64) feet to a point one hundred twenty-five (125) feet east of the west line of said Out Lot or the East line of Jefferson Street one hundred twenty-five (125) feet to the place of beginning, and damages in the sum of $100.00 for the unlawful detention thereof.

"It Is Further Ordered, Adjudged and Decreed by the Court, that the plaintiff, William A. McClellan, is the owner in fee simple of the real estate hereinabove described and that the title thereto be and it is hereby quieted as against the defendants herein named.

"It Is Further Ordered, Adjudged and Decreed by the Court, that the plaintiff, William A. McClellan, recover of and from the defendants his costs herein laid out and expended.

"The Court hereby renders the following further judgment upon the verdict of the jury on the cross-complaint of the cross-complainant, William G. Beatty, as follows:

"It Is Therefore Ordered, Adjudged and Decreed by the Court, that the cross-complainant, William G. Beatty, take nothing by his cross-complaint."

The foregoing judgment was appealed to this court and affirmed, *Beatty* v. *McClellan* (1951), 121 Ind. App. 242, 96 N. E. 2d 675, and it now stands unimpeached on the judgment docket of the Jay Circuit Court.

The complaint in the present case is in one paragraph and alleges in substance that the plaintiff William A. McClellan is the owner in fee simple of the real estate described therein and entitled to the immediate possession thereof and that the defendant William G. Beatty holds possession of said real estate and unlawfully refuses to surrender the same to the plaintiff to his damage in the sum of $5,000. There was a joinder of issues on this complaint, a trial to the court, a finding for the plaintiff and judgment that he have immediate possession of the described premises and damages in the sum of $3,950 for the unlawful detention thereof.

The William A. McClellan, described as the plaintiff in the judgment of the Jay Circuit Court above set out, and the William G. Beatty, described as a defendant, therein, are the same and identical persons as the William A. McClellan and William G. Beatty described respectively as the plaintiff and defendant in the present action. The premises from which said McClellan now seeks to eject said Beatty are a part of the same and

identical premises the whole of which the Jay Circuit Court adjudged belonged to McClellan and to which he was entitled to the immediate possession as against all claims asserted by said Beatty. The record discloses no new rights in the property acquired by Beatty since entry of the Jay Circuit Court judgment of November 25, 1949, or claims of any kind by Beatty that were not adjudicated by said judgment. It is obvious that the relief McClellan, the appellee herein, sought and obtained through the present proceedings had already been granted him in full measure by the Jay Circuit Court judgment. This all adds up to the proposition that the parties hereto have belabored the trial court and now seek to belabor this court with questions that are entirely moot. If we concluded that the present record is permeated with error and reversed the judgment herein the appellant would still be confronted with the judgment of the Jay Circuit Court which forecloses all his rights in the property involved. If we affirm the present judgment we give the appellee no relief to which he has not long since been entitled under the terms of the Jay Circuit Court judgment which is in full force and effect. In the absence of a supersedeas bond execution on the Jay Circuit Court judgment was not stayed pending the appeal thereof. Upon the appellant's disregard of said judgment a writ of restitution was immediately available to the appellee but he made no effort to exercise his rights in that respect but on the contrary continued to prosecute the present useless and unnecessary action. Under the circumstances we feel that he ought not to be permitted to profit by the recovery of $3,950 damages for the appellant's wrongful detention of the premises involved when such detention was made possible through his own indisposition to enforce his rights.

This case is one of a long series of cases involving the ownership and possession of the property here involved. Various aspects of the transaction giving rise to this litigation have been before this and the Supreme Court on nine separate occasions including this one. All possible phases of the transaction have been thoroughly litigated and adjudicated and it would seem that, in the interest of all concerned, such litigation should terminate.

To that end we remand this case to the Rush Circuit Court with instructions to vacate the judgment herein and dismiss the cause as wholly moot. All costs occasioned by this appeal are ordered taxed against the appellant and all other costs are ordered taxed against the appellee.

NOTE.—Reported in 134 N. E. 2d 701.