**Earl R. KELLEY, Plaintiff-in-Error,**

v.

*Ruth M. KELLEY, Defendant-in-Error.*

**No. 41637.**

Supreme Court of Oklahoma.

Sept. 10, 1968.

As Amended and Rehearing Denied Dec. 17, 1968.

Woodrow McConnell, Oklahoma City, for plaintiff in error.

Robert D. Crowe, Oklahoma City, for defendant in error.

BLACKBIRD, Justice:

As the parties appear here in the same order in which they appeared in the trial court, they will hereinafter be referred to by their trial court designations.

Plaintiff and defendant were previously the "plaintiff" and "defendant" in a divorce action docketed as Cause No. 100,467, in the District Court of Oklahoma County. In the divorce decree entered in said cause on August 19, 1959, the court found, among other things, that the defendant should be granted the divorce on the ground asserted in her cross petition, and that the couple had certain jointly acquired property that should be divided between them. This included a farm in Canadian County, a ranch in Pontotoc County, and an approximate 4-acre parcel of improved real estate at the corner of Oklahoma City's Sixteenth and McArthur Streets, described, by geographical subdivision, as a part of the South Half of the Southwest Quarter of the Southwest Quarter of the Northwest Quarter of Section 27, Township 12 North, Range 4 West, in Oklahoma County, on a part of which their home was located. This parcel of city real estate consisted of four adjoining parts, at least partially separated by fence lines, and used for different purposes, and referred to in the decree as "tracts".

In said decree, the court awarded two of these tracts to plaintiff and the other two tracts to defendant, and ordered the two parties to exchange quit claim deeds to effect the property settlement and division prescribed in said decree. The two parts of the 4-acres, that, according to the decree, were to become plaintiff's separate property, were described therein as follows:

"(a) A tract in the Southeast Corner 129 feet North and South by 276.82 feet East and West.

"(b) A tract or lot 129.5 feet East and West by 329.34 feet North and South, being the West lot of the East portion of said tract."

The two other parts awarded to defendant by the decree were described therein as:

"(1) A tract in the Northwest Corner 200 feet North and South by 276.88 feet East and West.

"(2) The East tract or lot being 129.9 feet East and West by 329.34 feet North and South."

Within a few days after entry of the above described divorce decree in 1959, the parties exchanged deeds, including one from defendant to plaintiff containing descriptions, by metes and bounds, that conformed to those set forth in the decree opposite "(a)" and "(b)" as shown above.

Thereafter, in October, 1961, the Oklahoma City real estate, here involved, was surveyed. The survey revealed, according to plaintiff, that division of the four acres into the tracts described in the divorce decree has unconscionable and absurd results never contemplated at the time it was ordered. In less than a month thereafter plaintiff filed an application wherein he alleged that:

"* * * the land described in said decree as 'a tract in the Southeast Corner 129 feet North and South by 276.82 feet East and West' does not lie in the Southeast Corner but lies in the Southwest Corner and said description places the North line of the tract awarded to the plaintiff several feet south of a chain link fence and overlays the tract awarded to the defendant which is described in said decree as 'a tract in the Northwest Corner 200 feet North and South by 276.82 feet East and West' which descrip-

tion not only overlays the tract awarded to the plaintiff as aforesaid, but would place the defendant's South line several feet South of said chain link fence and would extend through the approximate center of a twenty-five foot tin garage; * * *."

After alleging other respects in which the tracts to be exchanged were erroneously described in the divorce decree, and in the deeds executed in conformity therewith, plaintiff's application prayed that, after hearing evidence on the matter, the court enter an order correcting the decree and the deeds, "to the end that each of the parties may enjoy the property rights awarded to them * * * and intended to be described, but which were erroneously described and incorporated * * *" in the Journal Entry of said decree, and the deeds which followed it.

The evidence introduced at the hearing on plaintiff's application, over defendant's objection that the court then had no jurisdiction to modify the divorce decree, included a deposition by the attorney who had represented plaintiff in the divorce proceedings. In this deposition, the attorney stated, in substance, that, at the time of the divorce proceedings, it was the intention of the parties concerned that one of the tracts plaintiff was to have, with the above mentioned tin garage on it, would extend north to the chain link fence on the southern edge of the family home's yard, and that, on the east, this yard around the home, that was to be defendant's would extend to a retaining wall extending, from north to south, along that side of the home. According to this attorney's deposition, the judge who granted the divorce had unintentionally failed to carry out this plan because he had used incorrect measurements in describing the respective tracts that the parties were to own, as their separate property, after the divorce; and that the property lines indicated by those measurements would extend through the aforementioned tin garage and give defendant two wells that plaintiff had drilled after the

divorce was granted, in the space between this garage and the true southern line of defendant's property, as well as necessitate moving, to the west, the fence on the east side of defendant's property.

Plaintiff's application was thereafter denied by an order in which the court found that there had been no "clerical error" in the divorce decree and that the court was without jurisdiction to grant relief sought in the application.

When plaintiff thereafter filed the present action seeking reformation of the deeds, he alleged in his petition that the descriptions of the tracts carved out of the 4 acres, contained in the previous divorce decree and deeds, were the result of mutual mistake. Among other matters, defendant's answer and cross petition pleaded res judicata and alleged that plaintiff was estopped by the divorce decree, and the above described subsequent order, from maintaining his present action.

At the trial, although the court allowed the introduction of both documentary evidence and oral testimony, pro and con of the issue of whether the judge who granted the divorce had used incorrect measurements for the division of the four acres prescribed in his decree, it is obvious that in the judgment thereafter entered, he did not determine this issue of fact, but, instead, based his decision on defendant's plea in avoidance of that issue, as reflected in the following portion of the journal entry of said judgment:

"* * * the court made findings that inasmuch as a determination of the property to be conveyed or exchanged between the parties and the deeds exchanged were in conformity with the findings of the Trial Judge in the divorce proceedings and no timely appeal was filed by plaintiff the prior ruling in the divorce proceeding constituted estoppel by judgment and is res judicata as to this action and that this court is without jurisdiction to grant the relief prayed; * * *."

After the overruling of his motion for a new trial, plaintiff lodged the present appeal. His argument for reversal is, in general terms, that the trial court, sitting as a court of equity, had jurisdiction to correct the divorce decree on account of mutual mistake, even though it became final several years ago, since the property has not been sold, nor the rights of third parties intervened, and he has no statutory remedy, or relief at law.

Defendant readily concedes that such a court may reform deeds, where shown to have been incorrectly drawn as the result of mutual mistake, but she relies upon the position, she successfully maintained in the trial court, that said court was without jurisdiction to correct the allegedly erroneous descriptions involved here, because of the finality of the divorce decree, which prescribed those descriptions, and the doctrine of res judicata, or estoppel by judgment, as it is applicable to the present situation. She notes that all court recognize that such a previous judgment, or decree, may be corrected for "clerical or ministerial" errors, but seems to take the position that the tract descriptions set forth in the divorce decree were such an integral part of the divorce court's determination of one of the issues in the divorce action (i. e., what parts of the jointly acquired property each of the parties should have as his, or her, separate property) that the decree entered therein is a bar to plaintiff's present action, under that doctrine. We do not agree.

■■■ While the errors in the tract descriptions contained in the divorce decree may not have been "clerical", as the divorce court held at the hearing on plaintiff's aforementioned "APPLICATION" in December, 1963 (in this connection, notice Tit. 12 O.S.1961, § 317) evidence presented to the trial court tended to show that there was no issue in the divorce action as to whether, or not, those descriptions correctly delineated each of the parties share of their jointly acquired property that was intended for them to have, and that their incorporation in the decree did not represent his determination of any issue of fact in the case. The court, in the present action for correction and reformation, therefore erred in its judgment. As held in the case of Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577:

"The test of the identity of causes of action for the purpose of determining the question of res adjudicata is the identity of the facts essential to the maintenance of the actions. It is of the essence of estoppel by judgment, that it be made certain that the precise facts were determined by the former judgment. If there is any uncertainty as to the matter formerly adjudicated the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment."

As to the application of this, and other related principles of the doctrine of estoppel by judgment, or verdict, see Stone v. Stone, Fla.App., 111 So.2d 486, Blair v. Blair, 247 Mo. 61, 152 S.W. 1, Meyer v. Vance, Okl., 406 P.2d 996, Lewis v. Aubrey, Okl., 404 P.2d 1005, and other cases digested in 9 Okl.Dig., "Judgment", ■■■ 720. See also Charles E. Harding Co. v. Harding, 352 Ill. 417, 186 N.E. 152, 88 A.L.R. 563, cited in Eaves v. Busby, Okl., 268 P.2d 904, Beatty v. McClellan, 121 Ind.App. 242, 96 N.E.2d 675; 30A Am.Jur., "Judgments", §§ 328, 371, 765, 769, 869, Restatement of the Law, "Judgments", §§ 68, comments k and l, 18, comments a, b and d, 126(e) comments k and l.

After thoroughly examining the evidence in this case, we cannot agree with the statements in defendant's brief that:

" * * * the evidence is entirely void of any mutuality in the mistake. There is no evidence that the defendant intended to receive any other property than she did receive by the Decree of Divorce. There is a complete failure of any proof of mutuality of a mistake."

While it is true, as defendant's brief points out, that the exchange deeds, which the

**778**

parties executed and delivered to each other, described the tracts in conformity with the divorce decree, and, as far as the record shows, plaintiff and defendant both read the deeds before signing them, defendant testified, in substance, that she did not know, until 1964, that the eastern boundary of her back yard (as delineated in the decree and deeds) would not extend as far east as the retaining wall, on which, after the divorce, she constructed a fence. In our view of the evidence, defendant failed to discharge her burden, under the above quoted rule, of showing that the descriptions of the four tracts set forth in the divorce decree constituted the determination of an issue of fact in the divorce proceedings, rather than having been the result of incorrect measurements, as contended by plaintiff. In our opinion, the trial court's judgment was therefore without sufficient evidence to support it; and plaintiff's motion for a new trial should have been sustained. Said court's order and/or judgment overruling said motion is accordingly reversed, and this cause is remanded to said court with directions to grant plaintiff a new trial.

All the Justices concur.